WIGGINTON, Judge.
The State appeals the trial court’s order suppressing evidence seized from Engle-horn’s home pursuant to a search warrant. Englehorn moved to suppress the evidence on the following grounds: 1) the warrant was not served by the agency directed to serve the warrant; 2) the officer serving the warrant violated the “knock and announce” rule; and 3) there was no probable cause to justify issuance of the warrant. The court granted the motion on the third ground, finding that the affidavit was insufficient; the informants’ statements constituted “total hearsay without more”; and that the affidavit did not contain sufficient allegations of the credibility or reliability of the informants. The court made no ruling on grounds one or two. We reverse.
The affidavit was executed by a police officer, and contains the following to demonstrate probable cause for issuance of a search warrant:
On November 30,1983, Mike Shaw and John Smith went to the above described residence for the purpose of purchasing cannabis. After arriving at the residence an argument broke out between John Smith and John Englehorn, Sr. During the argument John Englehorn, Sr. threatened John Smith with a pistol. John Smith and Mike Shaw both saw a substance which they believed to be cannabis and which was reperesented [sic] to be cannabis by John Englehorn, Sr. while they were in the above descirbed [sic] residence. [Your affiant] obtained this information from Mike Shaw and John Smith shortly after the incident occurred at the above described residence. [Your affiant] has possession of a sworn statement from Mike Shaw attesting to the above facts. In addition, [your affiant] has possession of an unsworn statement from John Smith attesting to the above facts.
Shortly after the above incident occurred, John Smith went back to the above described residence and discharged a firearm at or near the above described residence. [Your affiant] has placed John Smith in custody for this act.
[Your affiant] has previously verified that John Englehorn, Sr. is a convicted felon based upon FCIC/NCIC Criminal History files.
Based upon the above facts, [your affi-ant] seeks authority to enter the above described residence and search for illegally possessed firearms and cannabis, a controlled substance.
The affidavit contains facts showing the basis of the informants’ knowledge. Specifically, it sets forth that Shaw and Smith were with Englehorn, in Englehorn’s house, when they saw the cannabis and the firearm.
The affidavit also contains facts showing the credibility of the informants and the reliability of their information. The informants were not anonymous, but named in the information. Moreover, the information supplied by them was certainly against their penal interests: they had attempted to purchase a controlled substance from Englehorn; and, since Shaw filed a sworn statement, if he lied he could be charged with perjury and filing a false report to a *1365 law enforcement authority. Finally, the affiant, shortly after the statements were taken, had occasion to arrest Smith for discharging a firearm at Englehorn’s residence, which action on Smith’s part would tend to corroborate the motive for furnishing the information — the enmity existing between Englehorn and Smith arising from Englehorn’s allegedly threatening Smith with a pistol.
Considered as a whole, the affidavit provided a substantial basis to conclude that probable cause existed, that is, that there was a “fair probability” that the contraband would be found in the particular place described in the affidavit. Massachusetts v. Upton, — U.S. -, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984), Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Bradford v. State, 448 So.2d 1231 (Fla. 1st DCA 1984). Consequently, the trial court erred in suppressing the evidence on the basis that there was no probable cause to justify issuance of the search warrant. However, since the court did not rule on the other two grounds asserted by appellee for suppression, the cause is reversed and remanded for further proceedings.
BOOTH, C.J., and BARFIELD, J., concur.