491 So.2d 297 (1986)
Jose Luis VASQUEZ, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 85-2028, 85-2490.
District Court of Appeal of Florida, Third District.
July 8, 1986.
*298 Jose M. Quinon, Harry M. Solomon, for appellant.
Jim Smith, Atty. Gen., and Mark J. Berkowitz, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
In this consolidated appeal, defendant Vasquez challenges trial court rulings denying his motion to suppress seized evidence and revoking his probation. Agreeing with Vasquez that the affidavit in support of the search warrant was insufficient to establish probable cause for issuing the warrant and that the "good faith exception" to the exclusionary rule does not apply, we reverse.
Following a routine stop for a traffic violation, police officers discovered a bag containing 40 one-gram packets of cocaine. The driver[1] of the vehicle informed detectives called to the scene that he had picked up the cocaine on consignment from a house one block away. The driver described the house and the individual who supplied the cocaine. The detectives transported the driver back to the house to identify the building. They also sought to verify information given by the driver regarding the house, and to obtain a description of the residence for a search warrant.
When they went before the duty judge to secure the search warrant, the detectives brought the driver with them. The affidavit submitted in support of the warrant stated:
On January 5, 1985, at approximately 7:00 P.M., your affiants received narcotic information from a confidential source. Earlier, on the same day, the confidential source had received approximately forty bags of cocaine from "The Premises." The source further stated that additional amounts of cocaine could be obtained by merely returning to "The Premises" as instructed by the tenant of "The Premises." Your affiants field tested the above mentioned cocaine, and the results were positive. The cocaine was impounded in the police property room. Based upon the positive field test, the availability of additional amounts of cocaine, and the sources [sic] statements, your affiants believe "The Premises" to be a source of supply for narcotics transactions.
Your affiants are both experienced narcotics officers, graduates of the South Florida Institute Of Criminal Justice, and the D.E.A. narcotic identification school, and have conducted several hundred narcotic investigations.
Although the "confidential source" was present when the court examined the affidavit, the judge did not question him. Indeed, there is no evidence in the record that the judge was even aware that the "source" was present. The court issued the warrant.
Armed with the warrant, police searched Vasquez's residence. They found firearms, including a machine gun, and a gram of suspected cocaine.[2] Vasquez admitted he owned the items found, except for the machine gun, which he claimed belonged to a friend.
At the time of the incident, Vasquez was on five-years' probation for an earlier conviction for trafficking in cocaine. Vasquez's possession of the machine gun and other firearms led to the filing of an affidavit charging him with violating his probation. Vasquez was also charged by information with unlawful possession of a machine gun. § 790.221, Fla. Stat. (1983). Counsel for Vasquez filed a motion to suppress the weapons. A hearing was held, and the trial judge denied the motion.
Following a probation violation hearing, the trial court revoked Vasquez's probation and sentenced him to five-years' incarceration. Vasquez pled no contest to the charge of possession of a machine gun, reserving the right to appeal the denial of *299 the motion to suppress the evidence seized. The trial court sentenced Vasquez to serve two-years' probation for possession of the machine gun, to run concurrently with the sentence imposed for probation violation.
On appeal, Vasquez claims the trial court erred in denying his motion to suppress. He cites as error: insufficient probable cause to support the issuance of the search warrant, the use of false and misleading statements in the affidavit for the search warrant, and the inapplicability of the exclusionary rule "good faith exception." Vasquez also challenges the sufficiency of the evidence presented as a basis for revoking his probation. We agree that the affidavit failed to demonstrate probable cause for the issuance of a warrant and that the good faith exception does not operate to salvage the defective warrant; consequently, we need not reach the remaining issues raised.
We begin our analysis of the propriety of the trial court's denial of the motion to suppress by noting that the Supreme Court of Florida recently reaffirmed the principle that the exclusionary rule applies in probation revocation proceedings. State v. Cross, 487 So.2d 1056 (Fla. 1986); see State v. Dodd, 419 So.2d 333 (Fla. 1982). Weapons seized pursuant to an improperly issued search warrant are inadmissible as proof of both substantive charges and charges directed to the violation of Vasquez's probation.
Section 933.04, Florida Statutes (1983), provides that "no search warrant shall be issued except upon probable cause, supported by oath or affirmation particularly describing the place to be searched and the person and thing to be seized." Thus, the first task before us is to determine whether probable cause existed to support the issuance of the search warrant.
The affidavit in support of the search warrant stated that a confidential source received cocaine from Vasquez's residence, that the source said that additional cocaine could be found on the premises, and that the cocaine test was positive. These facts form an insufficient predicate for the issuance of a search warrant under the "totality of the circumstances test" enunciated in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, reh'g denied, 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983). In Gates, the United States Supreme Court abandoned the rigid "two-pronged test" established in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 703 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and substituted, in its place, a more flexible standard.
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.
Gates, 462 U.S. at 236, 103 S.Ct. at 2332, 76 L.Ed.2d at 517, (citations omitted).
"Veracity" and "basis of knowledge" are among the factors to be considered in assessing the reliability of information. Gates, 462 U.S. at 233, 236, 103 S.Ct. at 2329, 2332, 76 L.Ed.2d at 545, 547; Blue v. State, 441 So.2d 165, 167 (Fla. 3d DCA 1983); Yesnes v. State, 440 So.2d 628, 632 (Fla. 1st DCA 1983). The affidavit before us contains no information regarding the source's credibility; not a single circumstance is set forth in the affidavit to enable the judge to evaluate the truthfulness of the source or the accuracy of his information. Although the source was present when the court issued the warrant, he did not talk to the judge. The informant was not named in the affidavit, State v. Englehorn, 471 So.2d 1363 (Fla. 1st DCA 1985), and did not swear before the judge to the facts concerning defendant's possession of cocaine, Rios v. State, 483 So.2d 39 (Fla. 2d DCA 1986). Although the affidavit does include the informant's basis of knowledge, *300 "it is the informant's veracity, not his stated basis of knowledge, which remains the sine qua non of the probability of [a controlled substance] being on the premises." Blue, 441 So.2d at 168; but see Rios, 483 So.2d at 41. As in Blue, the affidavit does not include any circumstances independently corroborated by detectives.[3] In summary, we find that the affidavit failed to support the issuing judge's determination that criminal activity was probably occurring on Vasquez's premises. We therefore hold that issuance of the search warrant was not justified.
Next, we must decide whether the "good faith exception" to the warrant requirement, established in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, reh'g denied, 468 U.S. 1250, 105 S.Ct. 52, 82 L.Ed.2d 942 (1984), applies to validate the search. In Leon, the Supreme Court reversed an order granting a motion to suppress evidence. The Court held that evidence may be admitted where the officers acted in reasonable reliance on a search warrant issued by a detached and neutral magistrate, even though the warrant was ultimately found to be invalid. The Leon court observed that although great deference should be given to the magistrate's determination of probable cause, that deference is not boundless.
[T]he courts must ... insist that the magistrate purport to "perform his `neutral and detached' function and not serve merely as a rubber stamp for the police." ... A magistrate failing to "manifest that neutrality and detachment demanded of a judicial officer when presented with a warrant application" and who acts instead as "an adjunct law enforcement officer" cannot provide valid authorization for an otherwise unconstitutional search... . [R]eviewing courts will not defer to a warrant based on an affidavit that does not "provide the magistrate with a substantial basis for determining the existence of probable cause." ... "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others."... Even if the warrant application was supported by more than a "bare bones" affidavit, a reviewing court may properly conclude that, notwithstanding the deference that magistrates deserve, the warrant was invalid because the magistrate's probable-cause determination reflected an improper analysis of the totality of the circumstances... .
Leon, 468 U.S. at ___, 104 S.Ct. at 3417, 82 L.Ed.2d at 693 (citations omitted).
We find that no officer could "manifest objective good faith in relying on [this] warrant [which was] based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at ___, 104 S.Ct. at 3422, 82 L.Ed.2d at 677. There were insufficient facts before the judge upon which she could exercise her "neutral and detached" function of determining the existence of probable cause. For these reasons, the officers' reliance on the warrant may not be categorized as within the "good faith" exception to the warrant requirement.
As the second district points out in State v. Bernie, 472 So.2d 1243 (Fla. 2d DCA 1985), Leon enunciates a balancing approach:
[W]hether the exclusionary rule should be imposed depends on whether the likely social benefits of excluding unlawfully seized but "inherently trustworthy tangible evidence obtained in reliance on a search warrant issued by a detached and neutral magistrate that ultimately is found to be defective" outweighed the likely costs, "particularly when law enforcement *301 officers have acted in objective good faith or their transgressions have been minor." ... In utilizing this balancing approach, the court must determine whether the purposes of the exclusionary rule will be furthered; i.e., whether the likelihood of deterring police misconduct is sufficient to justify the substantial social costs concomitant with the loss of probative evidence, the high risk of an erroneous verdict, and the possible generation of disrespect for the law and the administration of justice among the judicial system's constituency.
Bernie, 472 So.2d at 1247 (citations omitted).
In Bernie, the second district applied the Leon cost-benefit approach and determined that the evidence in question should not be suppressed because the police acted in good faith, the officer conducted an independent investigation, and the officer submitted the results of the investigation to a judge who issued a facially valid search warrant. These facts are not present in the case before us. Here, the judge was not furnished sufficient facts to determine the veracity of the source or the accuracy of his information, and no independent investigation was attempted by the officers. Under these circumstances, the Leon "good faith exception" is inapplicable, and the lower court erred in denying Vasquez's motion to suppress the weapons. Cf. State v. Wildes, 468 So.2d 550 (Fla. 5th DCA 1985) (good faith exception exists where affidavit included considerable detail indicating presence of contraband). We therefore reverse and remand with directions to vacate the judgment of conviction and the order revoking probation.
Reversed and remanded with directions.
NOTES
[1] The driver has never been identified.
[2] A test of the suspected cocaine revealed that the white powder was a non-controlled substance.
[3] Although one of the detectives testified at the hearing on the motion to suppress that he had verified statements by the source regarding a boat located in front of the premises and the presence of an individual inside the house, this evidence was not presented to the judge. It is doubtful that verification of these factors alone would be sufficient to establish veracity. The stated circumstances were visible to anyone passing the house and the traffic stop occurred just beyond the residence.