LEVY, Judge.
The defendant, Donell Brown, was charged by information with possession and intent to sell or purchase cocaine. The trial court granted his motion to suppress physical evidence derived from a search of his apartment based on its finding that the affidavit in support of the search warrant was insufficient. We disagree and reverse.
The affidavit in support of the search warrant was signed by two undercover officers who had been involved in an ongoing narcotics investigation. In the affidavit, which was prepared four days after the events described therein, the officers stated that they met with a woman named “Shula” who had smoked crack cocaine and told the officers that she could make a phone call to obtain more cocaine “rocks.” The affidavit further recited that Shula, by then an unknowing informer, made the phone call and told the officers she would accompany them to a nearby location to purchase more “rocks.” Shula directed the officers to drive her to an apartment and the officers gave her $20.00 to make the purchase. They observed Shula walk to the apartment and saw a man answer the door. The officers watched as Shula handed the man the $20.00 in exchange for “rock” cocaine. Shula then walked directly back to the waiting officers’ vehicle, displayed the “rock,” and stated that the man supplies the finest quality and quantity of crack cocaine in the area.
The trial court granted the defendant’s motion to suppress because it found that the search warrant was insufficient in that it lacked allegations regarding Shula’s reliability, did not contain any allegations of continuing criminal acts taking place within the apartment, and did not contain any allegations that the person who sold the drugs from the apartment actually lived in the apartment and thus could be found there at a future time.
We reject the defendant’s claim that the information providing probable cause was stale by the time the search was made. In the recent case of Sotolongo v. State, 530 So.2d 514, 515 (Fla. 2d DCA 1988), the Second District held that a delay of eleven to fourteen days between a controlled buy and the issuance of a warrant “was not so great as to detract from the probable cause established by the controlled buy.” Because in the present case only four days passed between Shula’s purchase and the search, we agree with the State that the delay was insufficient to impugn the sufficiency of the affidavit.
We also agree with the State that the credibility and reliability of Shula were irrelevant to the determination of probable cause. This is so because the search warrant could have been supported solely by the personal observations of the officers *534 who witnessed the cocaine sale at the apartment. Bush v. State, 369 So.2d 674 (Fla. 3d DCA 1979). Also, the information in the affidavit was sufficient to provide probable cause for the magistrate to determine that additional cocaine remained on the premises because Shula told the officers that she would take them to a nearby “location” (as distinguished from taking the officers to meet a particular person wherever he might be found) to purchase cocaine. She then took the officers directly to the apartment in question, and was observed, by the police officers, making a purchase of cocaine. See State v. Gieseke, 328 So.2d 16 (Fla.1976); Crews v. State, 431 So.2d 709 (Fla. 1st DCA 1983).
REVERSED.