541 So.2d 772 (1989)
Pedro REYES, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-1790.
District Court of Appeal of Florida, Third District.
April 18, 1989.
Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and COPE, JJ.
COPE, Judge.
Appellant was charged with trafficking in cocaine, possession of cannabis and possession of a firearm with an altered serial number. He moved to suppress on grounds that, inter alia, the affidavit for the search warrant failed to establish probable cause for issuance of the warrant. Upon denial of the motion, appellant pled nolo contendere with an express reservation of the right to appeal. We affirm.
The affidavit in support of the search warrant in this case indicated that an undercover officer approached a group of men and asked where he could find Eddie, a person who had sold cocaine to the officer in the past. Receiving no response, the officer returned to his vehicle.[1] A man left the group, approached the vehicle and said, "Maybe I can help you." The officer indicated he wanted to buy one-half gram of cocaine. The man, who was about to become an unwitting informant, told the officers he would take them to premises where cocaine could be obtained. A price was agreed, the unwitting informant entered *773 the car, and together they drove to the premises which turned out to be the residence of the defendant.
One of the officers gave the unwitting informant $25.00 for the purchase. The officers observed as the unwitting informant went to the front door of defendant's residence and was admitted. Two minutes later the unwitting informant reappeared, bearing a clear plastic bag containing one-half gram of what appeared to be cocaine.
After driving away, the other undercover officer asked the unwitting informant if he would mind returning to buy another halfgram of cocaine. The unwitting informant agreed and the process was repeated with identical results. The contents of both plastic bags proved to be cocaine. On the strength of the foregoing information, a search warrant was issued which resulted in the seizure of cocaine, marijuana, and an illegal firearm.
On this appeal the appellant challenges the sufficiency of the affidavit supporting the search warrant. In determining the existence of probable cause,
[t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.
Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983) (citation omitted).
The facts presented by this case are similar to those in State v. Brown, 539 So.2d 532 (Fla. 3d DCA 1989), except that in the Brown case the purchase took place in the doorway of the defendant's residence, so that the undercover officers actually observed the exchange of money for contraband. Here, on each occasion, the unwitting informant disappeared briefly inside the front door and reemerged within two minutes, having completed the purchase. On the facts presented there was probable cause for the issuance of a search warrant. See id.; see also Moore v. State, 441 So.2d 1003 (Ala. Crim. App. 1983); cf. State v. Gieseke, 328 So.2d 16, 18 (Fla. 1976) (where drugs sold from premises, inference may reasonably be drawn that contraband remains on the premises).
Appellant contends, however, that the state was obliged to follow the procedures for a controlled purchase of contraband by a confidential informant described in State v. Gieseke, 328 So.2d at 17-18. That contention is misplaced. The practice of searching a confidential informant before and after a controlled purchase of contraband, id., is done in order to prevent misconduct on the part of the informant, who may be motivated to implicate innocent third persons in order to gain favor with the police, or for reasons personal to the informant.[2] The opportunity and possible motivation for misconduct arise because of the confidential informant's knowing participation in the controlled purchase. Those considerations are not present where, as here, a person unknowingly assists the police.[3]
The judgment and sentence are affirmed.
NOTES
[1] The undercover officer apparently joined a second undercover officer at this point.
[2] The precautionary search therefore enhances the reliability of the information gathered by observation of the controlled purchase. See State v. Barrett, 132 Vt. 369, 320 A.2d 621, 625 (1974); Mills v. State, 177 Ind. App. 432, 379 N.E.2d 1023, 1026 (1978); 1 W. LaFave, Search and Seizure § 3.3(f) (2d ed. 1987); cf. Sheppard v. State, 521 So.2d 288, 289 (Fla. 1st DCA 1988) (information not reliable, inter alia, where no direct observation and no search).
[3] Even if probable cause had not been shown to exist in this case, the search would nonetheless be valid under the good faith doctrine set forth in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).