556 So.2d 514 (1990)
Alejandro DELGADO, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00984.
District Court of Appeal of Florida, Second District.
February 7, 1990.
*515 Robert J. Coleman, Fort Myers, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
Alejandro Delgado was charged with the manufacture of cocaine, possession of cocaine, possession of drug paraphernalia, and resisting or obstructing an officer. He pleaded nolo contendere, specifically reserving his right to appeal the denial of his motion to suppress evidence.
The facts set forth in the affidavit supporting the search warrant reveal that Officer Busbee approached an unknown individual on a street corner and offered to purchase a $20 cocaine rock. The individual replied that he did not have any cocaine but that he could find some. Busbee handed him $20 and watched as he approached and entered a duplex where Delgado, whom Busbee recognized, answered the door. In less than a minute the individual came out of the duplex and handed Busbee, who observed the events without interruption, a cocaine rock. The individual then told Busbee: "That if any more cocaine was needed to come back and he [the unwitting informant] would go back into the apartment and make another purchase of cocaine for Agent Busbee." Ten days later Busbee applied for and received a search warrant.
The state relies upon Reyes v. State, 541 So.2d 772 (Fla. 3d DCA 1989), in opposing Delgado's fourth amendment claim. There, an unknown man became an "unwitting informant" when he offered to take the undercover officers to a place where cocaine could be purchased. They drove to Reyes' residence and the officers watched as the unwitting informant entered his home and came out with a bag of cocaine. Id. at 773. After leaving, one of the officers asked the informant to return and make another purchase, which he did. Reyes challenged the denial of his motion to suppress on the ground that the affidavit underlying the search warrant failed to establish probable cause. Id. at 772. The court, relying upon Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983), stated, in pertinent part, that "[t]he task of the issuing magistrate is simply to make a practical commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Reyes at 773. The court in Reyes determined that probable cause existed.
Delgado, on the other hand, contends that Vasquez v. State, 491 So.2d 297 (Fla. 3d DCA), rev. denied, 500 So.2d 545 (Fla. 1986), controls the present setting. In Vasquez police officers discovered 40 one-gram packets of cocaine during a routine traffic stop. The driver informed the officers that he had picked up the cocaine from a house nearby and the officers drove him there to identify the home. They sought to verify the information given by the driver regarding the house and obtained a description of the premises. The officers and the driver *516 appeared before the judge and a search warrant was issued. The third district held that the facts related in the affidavit, that a confidential source received cocaine from Vasquez's residence and had stated that more could be found there, were insufficient to establish probable cause under the "totality of the circumstances test" in Illinois v. Gates.
We are persuaded that the instant matter is controlled by Reyes. Here, as in Reyes, the affiant observed the unwitting informant enter the residence. In Vasquez, however, the warrant was issued upon unsworn statements which were not questioned by the judge. Vasquez, 491 So.2d at 298. The officers in Vasquez did not witness the informant entering the residence but simply acted upon his unverified statement that he purchased the cocaine at that site.
We acknowledge that the affidavit in support of the warrant failed to include information revealing a basis for the unwitting informant's knowledge or his veracity. This is not fatal to the warrant, however, as those two factors become relevant only in the "totality of circumstances" analysis and the disclosure of other data may overcome any deficiencies stemming from those two elements. Gates, 462 U.S. at 233, 103 S.Ct. at 2329. The Gates court further stated: "And the duty of a reviewing court is simply to ensure that the magistrate had a `substantial basis for ... conclud[ing]' that probable cause existed." Gates at 238-9, 103 S.Ct. at 2332, citing, Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960).
There are in the case before us several factors satisfying the adequacy of the circumstances underlying the warrant. First, Officer Busbee watched the informant from the time he handed him the $20 bill until he returned with the cocaine, with an interruption spanning only one minute. Second, Officer Busbee saw Delgado answer the door. Finally, the informant's actions, including his willingness to return to the apartment to purchase additional cocaine, were against his own penal interests thus detracting from the notion that he was attempting to set Delgado up. See State v. Englehorn, 471 So.2d 1363 (Fla. 1st DCA 1985).
We are satisfied that the standards outlined in Illinois v. Gates were met in this instance. This matter is, therefore, affirmed.
SCHEB, A.C.J., and RYDER, J., concur.