603 So.2d 707 (1992)
Jesus DELACRUZ, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01179.
District Court of Appeal of Florida, Second District.
August 21, 1992.
*708 James Marion Moorman, Public Defender and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
We have for review three issues raised by Jesus Delacruz, one of which is dispositive. Delacruz was charged with possession of marijuana with intent to deliver and possession of drug paraphernalia. Delacruz pled no contest, reserving his right to appeal the denial of his motion to suppress. The trial court sentenced Delacruz to two years' probation. We reverse.
At the hearing on the motion to suppress, Detective Lovett testified that a confidential informant told him about a man named James who could purchase marijuana. Detective Lovett had no previous knowledge of this James. However, following up on the information received from the informant, Lovett arranged a meeting with James. During the conversation at that time, James advised Lovett that he could purchase marijuana at a certain house trailer. James indicated that to buy the marijuana he had to go to the rear of the trailer and conduct the transaction through a hole in a screen at that location. James said he would pass money through the hole, he would receive, in turn, marijuana. Although the warrant affidavit did not mention it, Detective Lovett testified that James did not know he was a police officer.
Detective Lovett and James went to the trailer, where Lovett gave James $20.00. Detective Lovett observed James walk to the rear of the trailer, wait a while, and walk back. However, Lovett could not see what actually transpired there. During this time, Detective Lovett also saw three other persons walk to the rear and then leave. James later told Lovett that the owner of a red pickup truck in the yard by the trailer was the person who had just sold him the marijuana. Inexplicably, James was not searched before or after this transaction. The trial court denied Delacruz' motion to suppress. This timely appeal followed.
Delacruz claims that the affidavit in support of the search warrant obtained by *709 Detective Lovett was insufficient to establish probable cause because it contained no information about the reliability of James. Appellant correctly states that the general rule is that search warrant affidavits based on information from confidential informants must contain at least some information about the informant's reliability and/or basis for knowledge. Brown v. State, 561 So.2d 1248 (Fla. 2d DCA 1990); Vasquez v. State, 491 So.2d 297 (Fla. 3d DCA), review denied, 500 So.2d 545 (Fla. 1986).
In this case, even though James brought marijuana to the police, the warrant affidavit contained no information about his reliability and/or basis for knowledge. The warrant merely claimed that James said that "he knew of a residence where he could purchase marijuana for your affiant," and that Lovett later watched him go behind the residence and return with marijuana. This was not sufficient under Brown or Vasquez. Accordingly, absent some exception to the general rule, the trial judge should have suppressed the marijuana which the police eventually seized.
At the hearing on the motion to suppress, the state argued that three possible exceptions to the general rule were applicable. The state's primary argument below was that the "controlled buy" exception applied, because Detective Lovett conducted a controlled buy at the residence before seeking the search warrant. The trial judge rejected this argument because she did not think that the buy was controlled. We agree.
James was not searched before the buy to establish he had no drugs on him. James was not searched after the buy to establish that he no longer had the twenty dollars given him by Lovett. Detective Lovett did not observe any money or drugs exchange hands between James and Delacruz or any of the other persons observed to approach the rear of the trailer and exit. Accordingly the "controlled buy" exception is not applicable here.
The state also argued that the good faith exception applied, which the trial court also rejected. Detective Lovett cannot rely on a search warrant in good faith when his informant was not shown in any way to be reliable. See Brown; Vasquez.
The state next argued below that James was an unwitting informant, and therefore, information concerning his reliability was not required. In reliance on Detective Lovett's testimony at the hearing, that James did not know that Lovett was a law enforcement officer, the trial court found James to be an unwitting informant and denied appellant's motion to suppress on this ground. The trial court also relied on Reyes v. State, 541 So.2d 772 (Fla. 3d DCA 1989). See also Delgado v. State, 556 So.2d 514 (Fla. 2d DCA 1990).
James was not an unwitting informant. Reyes and Delgado are not applicable to the facts of this case. Here, James made the initial proposition to Detective Lovett that he could buy marijuana for Lovett. In both Reyes and Delgado, the undercover officer approached the unwitting informant and initiated the buy. In Reyes and Delgado, the undercover officer closely observed the informant who entered the subject residence and returned within one to two minutes. Here, Detective Lovett testified that he did not observe any person inside the trailer, and only saw James stand behind a trailer for a "little while." Detective Lovett never observed anyone enter the trailer.
The facts of this case do not support a finding that James was an unwitting informant. The affidavit did not show that the sale actually occurred in the trailer. The affidavit also did not show that marijuana was still in the trailer and that the crime was a continuing crime or show reasons or circumstances to support a belief that such was the case. See Brown.
In addition, testimony at the suppression hearing cannot be used to bolster the affidavit that was before the magistrate who issued the warrant. Whiteley v. Warden of Wyoming Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). The magistrate did not have information *710 indicating that James was an unwitting informant, and therefore, the warrant could not have been issued on that basis. It was error for the trial court to rely on the additional information contained in Detective Lovett's testimony at the hearing which information was not before the issuing magistrate.
There was no showing whatsoever of James' reliability and as a result there was insufficient probable cause to issue the search warrant. The evidence seized from the execution of the search warrant must be suppressed. The case is reversed and remanded for further proceedings consistent with this opinion.
Reversed and remanded.
LEHAN, C.J., and BLUE, J., concur.