THOMPSON, Judge.
Angela Malone has appealed an order of the trial court which denied her motion to suppress and her motion for rehearing. Malone entered a plea of nolo contendere to trafficking in cocaine,[1] possession of paraphernalia,[2] and two counts of sale of cocaine.[3] She was adjudicated guilty and sentenced to three years probation on the trafficking charge and time served on the, remaining charges. She was also ordered to pay a fine of $50,000.00. We affirm.
The police seized evidence from the apartment of Malone after a search warrant had been issued for her residence. The basis of the warrant was two controlled buys by a confidential informant. On both occasions, the informant was first searched for drugs and money, was then given serialized currency to purchase the controlled substance, and was taken to Malone’s residence. The police affiant stated that the same procedure was followed for each buy:
The confidential informant exited the vehicle and walked directly to the carport door of the residence. The confidential informant knocked and a black female opened the door and allowed the confidential informant to enter the residence. After approximately three (3) minutes, the confidential informant came out of the ear-port door and walked directly back to the vehicle. The confidential informant entered the vehicle and gave your affiant two
*734 (2) pieces of purported crack cocaine, which the confidential informant said was purchased from Angela (Angela Denese Malone).
After the confidential informant returned to the affiant with purported cocaine, the informant was searched again, no additional controlled substances or currency was found, and the purported crack cocaine was tested and proved to be cocaine. The affidavit stated that “[b]ased on the confidential informant’s actions and information during this investigation, your affiant considers this confidential informant to be truthful and reliable.”
Malone filed a motion to suppress the evidence and a hearing was scheduled. She argued that the Cl was not shown to be reliable because the Cl had not been used by the police before and was not personally observed by the affiant the whole time as sworn to in the affidavit. During the hearing, Malone proved that the affiant did not have the confidential informant in sight the entire length of time from when the Cl left the affiant’s car to when the Cl entered Malone’s apartment. Nor did the affiant have the Cl in view the entire time when the Cl exited Malone’s apartment and returned to the affiant’s car. The testimony was that another officer had the Cl in sight during part of the time when the affiant did not have the Cl in sight. Between the two officers, the Cl was in sight the complete time, except for the time he was actually in the residence. The trial judge denied the motion to suppress.
Shortly after the hearing, the assistant state attorney notified Malone’s attorney that the Cl had lived next door to Malone. Although the Cl’s landlord was in the process of evicting the Cl, the Cl still had a key to the premises. Malone’s attorney moved for a rehearing based upon this new information. Malone’s attorney argued that the Cl could have gone into the apartment to which he had a key, left the money, and gotten drugs to set-up Malone. The motion was denied by the trial judge. On appeal, Malone argues that the affidavit which was the basis for the warrant was insufficient to establish probable cause because the Cl was not reliable and the affiant did not personally see the things he swore he observed.
First, the Cl’s reliability was established when the Cl made the two controlled buys. The affiant searched the Cl before the controlled buy to make sure the Cl had no drugs. The Cl was searched after the controlled buy to make sure the money provided by the police was not on the Cl’s person. As we held in Polk v. Williams, 565 So.2d 1387 (Fla. 5th DCA 1990), a Cl’s reliability can be established by a controlled buy. See also State v. Georgoudiou, 560 So.2d 1241, 1243 (Fla. 5th DCA), review denied, 574 So.2d 141 (Fla.1990). Here, the Cl was personally supervised and constantly monitored by the affiant. Polk, 565 So.2d at 1389. The Cl’s reliability had been established.
Second, although the affiant did not have the Cl in sight the whole time, it is not disputed that he was under the almost constant supervision of two officers. What one did not see the other did see. Although, the better practice would have been for the affi-ant to state under oath the information that he received from his partner, it is not fatal to the state’s case. Here, the affiant’s affidavit was not false or recklessly made in regard to a substantive matter. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); State v. Marrow, 459 So.2d 321 (Fla. 3d DCA), review denied, 458 So.2d 274 (Fla. 1984). Based upon the totality of the circumstances, the affidavit established probable cause. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The issuing magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. Polk, 565 So.2d at 1390; Delgado v. State, 556 So.2d 514, 516 (Fla. 2d DCA 1990); Reyes v. State, 541 So.2d 772, 773 (Fla. 3d DCA 1989).
AFFIRMED.
HARRIS, C.J., and COBB, J., concur.

. § 893.135(1), Fla.Stat. (1991).

. § 893.147(l)(a), Fla.Stat. (1991).

.§ 893.13(l)(a)l, Fla.Stat. (1991).