715 So.2d 327 (1998)
STATE of Florida, Appellant,
v.
Marvin F. ELKHILL, Appellee.
No. 97-02244.
District Court of Appeal of Florida, Second District.
July 29, 1998.
*328 Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellant.
Michael P. McDaniel of C. Ray McDaniel, P.A., Bartow, and Ronald N. Toward, Bartow, for Appellee.
WHATLEY, Judge.
The State appeals the order granting Marvin Elkhill's motion to suppress the evidence seized during the execution of a search warrant at his residence. We reverse.
In the order of suppression, the trial court ruled that the search warrant was defective because the affidavit filed in support thereof contained insufficient facts from which the magistrate could find that the confidential informant was reliable. The court also ruled that this case does not fall within any recognized exceptions to the requirement that the affidavit establish the confidential informant's reliability. This ruling is erroneous because the facts set forth in the affidavit reveal that this case falls within the controlled buy exception to that requirement.
The affidavit was executed by Officer Randy LaBelle. Officer LaBelle stated in the affidavit that he and other members of the Highlands County Sheriff's Office conducted a controlled buy from Marvin Elkhill using a confidential informant. Officer LaBelle specified that the informant and his car were searched before and after the buy, the informant was given money, he was observed going into and coming out of the building, and he turned over the contraband to the affiant after he came out of the building. These facts were sufficient to show that a controlled buy was executed. See State v. Reyes, 650 So.2d 52 (Fla. 2d DCA 1994); State v. Gieseke, 328 So.2d 16 (Fla.1976).
Elkhill contends that the controlled buy exception is inapplicable because Officer LaBelle did not personally supervise and constantly monitor the informant's actions. Instead, it was revealed at the suppression hearing that Officer LaBelle followed the informant to Elkhill's residence, where Officer Nampon, who was stationed across the street, took over surveillance. Officer Nampon personally observed and videotaped the informant going into and coming out of Elkhill's residence. Because Officer Nampon did not testify at the suppression hearing, Elkhill contends that all that was before the court regarding Officer Nampon's observations was hearsay, and therefore, the fellow officer rule cannot apply in this case.
Elkhill's arguments are incorrect. The Florida Supreme Court has stated that "an affidavit for a search warrant of a dwelling may be constitutionally based on hearsay information and need not reflect the direct personal observations of the affiant." State v. Wolff, 310 So.2d 729, 733 (Fla.1975). As long as specific facts are set forth to justify a finding of probable cause to issue a search warrant, those facts may be based on hearsay information. Id. at 732.
Furthermore, Officer LaBelle clearly stated in the affidavit that the controlled buy was conducted and constantly monitored by members of the Highlands County Sheriff's Office, not by him alone. Thus, the affidavit was truthful and not misleading. The Fifth District has held that facts nearly identical to these were not fatal to the State's case. See Malone v. State, 651 So.2d 733, 734 (Fla. 5th DCA 1995).
Elkhill further contends that, if the search warrant was valid, it was executed in violation of the knock and announce rule, § 933.09, Fla. Stat. (1997), because the officers did not wait a sufficient amount of time after they knocked and announced their identity and purpose to be refused admittance before forcibly entering the residence. We disagree. The facts reveal that Elkhill effectively refused admittance because he knew of the officers' presence and purpose and did not respond when they knocked.
*329 Officer Barfield, one of the officers who executed the search warrant, testified that when the officers drove up to Elkhill's residence, he saw a person through the glass panel on the door. He also saw the door open a little bit, but slam shut when the officers, with their badges displayed and in raid gear clearly marked with sheriff's office insignia, got out of their vehicles. One of the vehicles was flashing its multiple strobe lights in the headlights, on the rear view mirror, and in the back of the vehicle. As the officers got out of the vehicle, and all the way to the door, they announced, "Sheriff's Office search warrant." At the door, the officers knocked for two or three seconds and announced "Sheriff's Office, search warrant, open the door." Barfield could not say how many times they knocked on the door. Barfield believed that the officers had been denied entry because they were seen and identified as soon as they pulled up and that there was plenty of time for Elkhill to open the door as the officers got out of their vehicles and went to the door. Barfield believed that their purpose was clear by the time they got to the building's door and that since the building was very small, there was no reason for a delay in opening the door or indicating that entry was allowed.
These facts reveal that the officers could have forcibly entered Elkhill's residence without knocking and announcing. See Benefield v. State, 160 So.2d 706, 710 (Fla. 1964) (setting forth exceptions to knock and announce rule, one of which is that "the person within already knows of the officer's authority and purpose").
Accordingly, we reverse the order suppressing the evidence seized as a result of the search of Elkhill's residence and remand for further proceedings.
Reversed and remanded.
PARKER, C.J., and QUINCE, J., concur.