PER CURIAM.
The defendant, Alicia Latras, appeals from her convictions and sentences. We affirm.
While the defendant has raised numerous points on appeal, only two merit discussion. The defendant contends that the trial court erred by denying her motion to suppress because the search warrant was not supported by probable cause. We disagree.
A review of the record indicates that the search warrant was supported by probable cause as established by the redacted affidavit. Under the “totality of the circumstances test,” the magistrate issuing the search warrant had a substantial basis for concluding that probable cause existed. See Vazquez v. State, 491 So.2d 297, 299 (Fla. 3d DCA 1986)(citing Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).
The defendant also contends that the cumulative effect of errors during the State’s closing argument denied the defendant her right to a fair trial. We disagree.
In order for the prosecutor’s comments to merit a new trial, the comments must be of such nature:
(1) so as to deprive appellant of a fair and impartial trial;
(2) materially contribute to his conviction;
(3) be so harmful or fundamentally tainted so as to require a new trial; or
(4) be so inflammatory that they might have influenced the jury to reach a more severe verdict than that which they would have reached otherwise.
Lopez v. State, 555 So.2d 1298, 1299 (Fla. 3d DCA 1990) (citations omitted). In the instant case, a careful review of the record shows that the State’s comments during closing argument were not so egregious as to constitute fundamental error, thus not rising to the level of warranting a new trial.
Affirmed.