COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Felton and Kelsey
Argued at Chesapeake, Virginia


LAVAR A. SLADE

v.      Record No. 1529-03-1

COMMONWEALTH OF VIRGINIA

OPINION BY
CHIEF JUDGE JOHANNA L. FITZPATRICK
MAY 18, 2004


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Edward L. Hubbard, Judge

Jeffrey C. Rountree for appellant.

Margaret W. Reed, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


In this criminal appeal, Lavar A. Slade (appellant) contends that: 1) the trial court erred in overruling his motion to suppress evidence obtained pursuant to a search warrant issued without probable cause, and 2) the evidence was insufficient to convict him of possession with intent to distribute cocaine. We affirm the judgment of the trial court.

I. BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on December 7, 2002 the Newport News police executed a search warrant at Apartment 7, 438 Tara Court. The warrant was issued based on a controlled purchase of cocaine instigated by a confidential informant whom appellant stipulated to be reliable. The informant asked an "unwitting informant" where he could purchase cocaine, and the unwitting informant took him to the Tara Court home. The confidential informant saw

the unwitting informant take cash given to him by the confidential informant into the home, return and give him the drugs purchased. The unwitting informant stated that there was more cocaine available for sale inside. The affidavit stated that this happened on several occasions.

Inside the apartment, the police found approximately two and a half grams of cocaine on the living room coffee table, ten and a half grams of cocaine on top of a sliding door, digital scales and plastic baggies in the kitchen, $900 in appellant's pants pocket separated into smaller denominations, and a cell phone. Detective Nesbitt (Nesbitt) testified that appellant admitted the cocaine on the table was his. When he was asked about the large stash of cocaine, appellant replied, "Times are tough. I'm just trying to support my family." Nesbitt also testified that appellant repeated this statement in front of the magistrate at the bail hearing. Appellant denied making this statement at trial.

## II. MOTION TO SUPPRESS

"The burden to establish that the denial of the motion to suppress constituted reversible error rests with the defendant." King v. Commonwealth, 39 Va. App. 306, 308, 572 S.E.2d 518, 519 (2002) (citations omitted). "We are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). However, we review *de novo* the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case. See Ornelas, 517 U.S. at 699; Hayes v. Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d 357, 359 (1999); Shears v. Commonwealth, 23 Va. App. 394, 398, 477 S.E.2d 309, 311 (1996).

Appellant contends that the affidavit failed to sufficiently establish the reliability of the unwitting informant, and thus the magistrate did not have probable cause to issue the search warrant. We disagree and affirm the judgment of the trial court.

The affidavit stated, in pertinent part:

> On December 4, 2002, this affiant received information from a confidential reliable informant that he/she and a [sic] unwitting informant had been to an apartment known as 438 Tara Court, # 7. The reliable informant advised that he/she observed the unwitting informant knock on the door of 438 Tara Court #7 and walk in with the U.S. currency. The reliable informant advised that the unwitting informant returned and handed the reliable informant a quantity of cocaine and stated that there is more cocaine for sale inside 438 Tara Court #7 when the reliable informant wanted more. The reliable informant advised he/she had taken the unwitting informant to 438 Tara Court #7 several times in the past and has given U.S. currency to the unwitting informant to purchase cocaine from inside 438 Tara Court #7 and the unwitting informant has stated that there is more cocaine for sale inside 438 Tara Court #7 when the reliable informant wanted more.

Defense counsel stipulated to the reliability of the confidential informant, but moved to suppress the evidence obtained during the search, contending that the affidavit and warrant contained no facts to support the reliability of the unwitting informant and that it contained his hearsay statements about the cocaine purchase inside the suspect residence. He argues:

> On the face of the warrant, the magistrate looking at it, we don't know how long this person was in there, and for another thing, this has been done a number of times in the past. We don't know how many. Moreover, and most important, we don't know anything about the unwitting informant. We don't know if that person is reliable or telling the truth. We don't – I think you can presume from the warrant, but we don't know exactly anything about their reliability. We move to suppress the warrant, and the evidence that stems from it.

The trial court overruled appellant's motion to suppress as follows:

> The act speaks for itself, and I think the observance of that act by the reliable informant certainly is sufficient to get probable cause, and even if it didn't, I agree with the Commonwealth that the good-faith exception applies. Overrule the motion.

- 3 -

"Whether a warrant is supported by probable cause is determined from the 'totality-of-the-circumstances.'" Corey v. Commonwealth, 8 Va. App. 281, 286, 381 S.E.2d 19, 21 (1989) (quoting Illinois v. Gates, 462 U.S. 213, 238-39 (1983)).

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . [concluding]" that probable cause existed.

Gates, 462 U.S. at 239 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)).

While we have not specifically addressed the issue of whether an unwitting informant is subject to the same reliability requirements as a confidential informant, other jurisdictions have done so. In Delgado v. Florida, 556 So.2d 514 (Fla. Dist. Ct. App. 1990), a factually similar case, the Florida Court of Appeals analyzed the use of an unwitting informant in a drug buy. Delgado appealed the denial of his motion to suppress the evidence because the affidavit in support of the warrant failed to "include information revealing a basis for the 'unwitting informant's' knowledge or his veracity." Id. at 516. An undercover officer attempted to purchase cocaine from an unwitting informant who in turn purchased cocaine for the officer at a nearby apartment. The officer saw the unwitting informant enter the residence, return with cocaine, and heard him say that there was more cocaine in the residence. The officer obtained a search warrant ten days later. See id. at 515. In finding the affidavit sufficient, the court noted that "the affiant observed the 'unwitting informant' enter the residence" to purchase the cocaine. Id. The court held that it was not fatal to an affidavit to fail to include a basis for the unwitting informant's knowledge. Rather, the proper analysis is a consideration of the totality of the circumstances as set out in Gates. See id. at 516; see also United States v. Jordan, 999 F.2d 11, 14 (1st Cir. 1993) (holding that an unwitting informant's statements to a confidential informant

- 4 -

that he had purchased cocaine in a residence during a controlled purchase constituted probable cause to issue a search warrant); Reyes v. Florida, 541 So.2d 772 (Fla. Dist. Ct. App. 1989) (holding that probable cause justified the issuance of a search warrant when officers observed an unwitting informant disappear into a house to make a controlled buy and return having completed the transaction); New Mexico v. Lovato, 868 P.2d 1293 (N.M. 1993) (holding that use of an unwitting informant does not trigger a reliability analysis because his actions are not "hearsay"); Minnesota v. Valento, 405 N.W.2d 914 (Minn. Ct. App. 1987) (holding that probable cause justified the issuance of a search warrant where officers observed a confidential informant use an unwitting informant to purchase cocaine).

Because appellant stipulated to the reliability of the confidential informant, we need only address whether the totality of the circumstances surrounding the cocaine purchase provided the magistrate with a substantial basis for concluding that probable cause existed. Here, the totality of the circumstances provided the magistrate with a substantial basis to conclude that probable cause justified the search. "Ordinarily, an informant's controlled buy may constitute probable cause sufficient for a magistrate judge to issue a warrant." McGuire v. Commonwealth, 31 Va. App. 584, 596, 525 S.E.2d 43, 49 (2000). The affidavit provided a detailed description of the reliable informant who, after giving "buy money" to the unwitting informant, saw him knock on the door of the Tara Court residence, walk in with U.S. currency, and return to hand the confidential informant cocaine that he had purchased. The reliable informant stated that he had taken the unwitting informant to the same address several times with the same result. Appellant stipulated that the confidential informant was reliable, and it is his credibility that forms the basis for the warrant. The unwitting informant was merely an instrument of the controlled buy. We therefore hold that the totality of the circumstances provided the magistrate with a substantial basis to find that probable cause justified the search.

## II. SUFFICIENCY OF THE EVIDENCE

Appellant next contends that the evidence was insufficient to convict him of possession with intent to distribute cocaine. He argues that he should have been believed when he denied that he sold drugs, and without such testimony the Commonwealth's evidence shows mere possession. This argument is without merit.

"When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). "Witness credibility, the weight accorded the testimony and the inferences to be drawn from proven facts are matters to be determined by the fact finder. The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence." Foster v. Commonwealth, 38 Va. App. 549, 554, 567 S.E.2d 547, 549 (2002) (internal citations and quotations omitted).

Detective Nesbitt testified that when he asked appellant why he was selling cocaine, appellant responded, "Times are tough. I'm just trying to support my family."

> The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.

Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (internal citation omitted). The trial judge was not required to believe appellant's denial that he confessed to distributing cocaine.

Additionally, the police recovered over two and a half grams of cocaine on appellant's coffee table, and over ten and a half grams of cocaine hidden over a sliding glass door to appellant's apartment, digital scales and packing materials including plastic baggies in the kitchen, and $900 in U.S. currency in appellant's front pocket. See Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988) (circumstantial evidence may be used to indicate intent to distribute); McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001) (the quantity of the drugs seized, the manner in which they are packaged, and the presence of equipment related to drug distribution are indicia of distribution); Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973) (proof that quantity possessed exceeds that normally intended for personal use, without more, is sufficient to show intent to distribute); Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (*en banc*) (possession of a quantity greater than that ordinarily possessed for personal use may be sufficient to establish an intent to distribute); Gregory v. Commonwealth, 22 Va. App. 100, 110, 468 S.E.2d 117, 122 (1996) (finding sufficient evidence of intent to distribute based on several baggies containing 3.7 grams of cocaine). We cannot say that the trial court was plainly wrong in finding this evidence sufficient to convict appellant of possession with intent to distribute cocaine.

Accordingly, we affirm the judgment of the trial court.

Affirmed.