915 So.2d 278 (2005)
Rodolfo RAUCHO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3142.
District Court of Appeal of Florida, Fourth District.
December 7, 2005.
*279 Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Rodolfo Raucho was charged with trafficking in gamma-butyrolactone (GBL), possession of GBL, possession of methamphetamine, possession of ketamine, possession of methylenedioxymethamphetamine (MDMA) commonly known as ecstasy, possession of cannabis less than 20 grams, and possession of drug paraphernalia. Raucho filed a motion to suppress arguing that the affidavit for the search warrant failed to establish probable cause for issuance of the warrant. Upon denial of the motion, Raucho pled nolo contendere with an express *280 reservation of his right to appeal. We affirm.
The affidavit supporting the application for the search warrant supplied the following information. A documented "Cooperative Individual" (CI) with the Fort Lauderdale Police Department, who has proven reliable and trustworthy in the past, told the detective that a white male named Allan sold him ecstasy (MDMA). The detectives provided the CI with funds and he contacted Allan to purchase some ecstasy. The CI was given an electronic listening device and after he and his car were searched, the detectives followed him to Allan's home. The detectives saw a white male get in the CI's car. The white male (Allan) told the CI to drive to his friend's house down the street to get the ecstasy. The CI gave Allan $200 dollars to buy the ecstasy. The CI told the officers that Allan went into the residence after an unknown person answered the door. After a few moments, an unidentified white male came out of the front door into the front yard and looked in both directions. He then went back in the house. One of the detectives saw Allan leave the house with something in his hand. Allan was looking at the object and then put it in his pocket before he got to the CI's car. Allan gave the CI a clear plastic bag containing ten white capsules. The CI then took Allan back to his home and dropped him off. The CI then left the area followed by the detectives to a predetermined meeting location where the CI surrendered the baggy which held capsules of white powder which tested positive for amphetamines. The CI and the vehicle used by the CI were searched and found to be free of any contraband.
Raucho argues that the affidavit in support of the search warrant was insufficient to establish probable cause because the affiant did not demonstrate personal knowledge of the reliability of the confidential informant. We disagree.
A controlled buy obviates the need to establish the reliability of the confidential informant because the monitored buy itself corroborates the informant's credibility. State v. Gieseke, 328 So.2d 16, 18 (Fla. 1976); McCall v. State, 684 So.2d 260, 261 (Fla. 4th DCA 1996). In this matter, the affidavit established that the CI participated in a controlled buy. The CI was searched both before and after the buy. The CI had the buy money on him before the buy and the drugs on him after the buy. The CI was monitored with a listening device, and the transaction between the CI and Allan was personally observed by the affiant. Therefore, there was no need to establish the CI's reliability.
Raucho also argues the lack of probable cause because the affidavit makes no mention of Allan's reliability. However, reliability is necessary only when the affiant is relying on hearsay statements to establish facts. See, e.g., Gieseke, 328 So.2d 16. Here, the affiant had personal knowledge that Allan told the CI to drive to Raucho's home so he could get ecstasy, because the affiant heard Allan on the CI's listening device. The officers also observed the CI drive to Raucho's residence and observed Allan walk out of Raucho's residence carrying the contraband. Therefore, since probable cause was not dependent upon hearsay statements made by Allan, it was unnecessary to demonstrate the reliability of Allan.
Additionally, it should be noted that it was unnecessary to demonstrate the reliability of Allan because he was an unwitting informant. Citing to Delacruz v. State, 603 So.2d 707 (Fla. 2d DCA 1992), Raucho argues that Allan was not an unwitting informant because he was not searched before the buy and because he *281 was not seen entering Raucho's residence. This is incorrect. Clearly, an informant cannot be an unwitting informant, if he or she is searched. Moreover, the practice of searching a confidential informant is done to prevent misconduct on the part of the informant, "who may be motivated to implicate innocent third persons in order to gain favor with the police, or for reasons personal to the informant." Reyes v. State, 541 So.2d 772, 773 (Fla. 3d DCA 1989). "The opportunity and possible motivation for misconduct arise because of the confidential informant's knowing participation in the controlled purchase. Those considerations are not present where, as here, a person unknowingly assists the police." Id. Additionally, although the affidavit does not indicate that Allan was seen entering Raucho's residence, the affiant heard Allan tell the CI that he had to go to a friend's house (Raucho's residence) to get the ecstasy and the detective observed Allan leave the residence with what was determined to be the contraband.[1]
Finally, Raucho argues that there were insufficient facts in the affidavit to establish probable cause that there was contraband in Raucho's residence. We disagree.
In determining the existence of probable cause,
[t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.

Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983) (citation omitted).
Reyes v. State, 541 So.2d at 773.
In this matter, the affidavit established that the CI gave Allan $200 to buy ten ecstasy pills. Allan told the CI that he had to go to Raucho's residence to get the ecstasy. Allan emerged from Raucho's residence carrying what was determined to be amphetamines. Based on these facts, there was fair probability that contraband would be found in Raucho's residence and the issuing magistrate certainly had a substantial basis for concluding that there was probable cause.
Affirmed.
GUNTHER and GROSS, JJ., concur.
NOTES
[1] The fellow officer rule imputes the knowledge of one officer in the chain of investigation to another officer. See State v. Adderly, 809 So.2d 75, 76 (Fla. 4th DCA 2002).