532 So.2d 1346 (1988)
Paul ST. ANGELO, Appellant,
v.
STATE of Florida, Appellee.
No. BS-365.
District Court of Appeal of Florida, First District.
November 2, 1988.
Michael E. Allen, Public Defender, and Maria Ines Suber, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
*1347 WIGGINTON, Judge.
This appeal is from a plea of nolo contendere to trafficking and possession of cannabis and to possession of hashish of less than twenty grams, wherein appellant specifically reserved his right to appeal the denial of his motion to suppress evidence. In his motion, appellant maintained that the affidavit in support of the search warrant was legally insufficient and did not on its face demonstrate that probable cause existed for the issuance of the warrant. We agree and reverse.
Teresa Franklin, an undercover narcotics officer with the Bay County Sheriff's Department, testified at the motion hearing that approximately two days prior to obtaining the search warrant, she met with a confidential informant in person at which time he informed her that appellant was in possession of a large quantity of cocaine. He provided Franklin with appellant's address and advised that he had previously viewed the evidence, which he knew was cocaine by the way it was packaged. Franklin testified that although the affidavit for search warrant stated that the confidential informant was a citizen of good standing in Bay County, she did not personally make a computer check to ascertain that information and had no personal knowledge as to whether or not the informant actually had a criminal record. Further, although the affidavit stated that the confidential informant was reliable insofar as the informant had provided information in the past to investigator Floyd Moore, Franklin had not spoken to Moore personally and the basis of that statement came from information she had received from her lieutenant to the effect that the lieutenant knew that Moore had worked with the informant before and that the information received had been true and accurate. Franklin had no other information concerning the informant, stated that Moore had never before worked on the case involving appellant, and that she did not know whether Moore had ever talked to the trial judge issuing the warrant about this case. Franklin also did not conduct any independent investigation to determine for herself whether the informant was reliable or to corroborate his story.
Following arguments held subsequent to the hearing during which the U.S. Supreme Court's decisions in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), were submitted, the trial court denied appellant's motion to suppress on the basis of the "totality of circumstances" approach in Illinois v. Gates.
We must agree with appellant that the affidavit is deficient in failing to demonstrate probable cause. It fails to establish the informant's credibility and basis of knowledge. Compare Vasquez v. State, 491 So.2d 297 (Fla. 3d DCA 1986); Wallace v. State, 442 So.2d 1066 (Fla. 1st DCA 1983); Rand v. State, 484 So.2d 1367 (Fla. 2d DCA 1986). At most, the statements made in the affidavit indicate that someone else other than the affiant considered the informant to be reliable, but there was no corroboration of reliability from an independent source. Davis v. State, 346 So.2d 141 (Fla. 1st DCA 1977). Accordingly, the Gates "totality of the circumstances" standard was not satisfied.
Moreover, not even the "good faith exception" of United States v. Leon can salvage the affidavit in the instant case. Officer Franklin could not have manifested "objective good faith in relying on a warrant based on an affidavit `so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" 468 U.S. at 923, 104 S.Ct. at 3421. Thus, there were insufficient facts before the judge upon which he could exercise his "neutral and detached" function of determining the existence of probable cause. Vasquez. For these reasons, the officer's reliance on the warrant may not be categorized as within the "good faith exception" to the warrant requirement.
Consequently, the lower court erred in denying appellant's motion to suppress, and we therefore reverse and remand with *1348 directions to vacate the judgment of conviction.
BOOTH and ZEHMER, JJ., concur.