561 So.2d 1248 (1990)
Sonny E. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-01214.
District Court of Appeal of Florida, Second District.
May 18, 1990.
*1249 James Marion Moorman, Public Defender, and Phil Patterson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
After the defendant, Sonny E. Brown, entered a plea of nolo contendere, the trial court placed him on three concurrent five-year terms of probation for possession of cocaine, possession of cannabis, and possession of cannabis with intent to sell. In entering his plea, Brown specifically reserved the right to appeal the denial of his motion to suppress the contraband seized from his home. He argues that the police officers' affidavit in support of the search warrant failed to set out sufficient facts to have enabled the issuing magistrate to find probable cause that drugs were in his home. We agree and reverse.
A county court judge issued the search warrant based on an affidavit, signed by two City of Tampa police officers, which recited that a confidential informant (CI) told them he could purchase drugs in the 2900 block of North Jefferson in Tampa. After searching the CI for contraband, they drove him to the 2900 block, gave him $10, and let him out. When the CI returned 15 minutes later, he said he had given $10 to a man named Harrison, who went onto the porch at 2911 North Jefferson and bought cocaine from a black male known as Sonny Brown. The cocaine was "then given to the [CI] who observed this transaction from the street." Finally, the affidavit stated that the CI had "in the past provided information to the Tampa Police Department which has proved to be true and reliable."
At the outset we recognize that affidavits for search warrants need not be drafted with elaborate specificity, nor should a policeman's affidavit be judged as an entry in an essay contest. See U.S. v. Harris, 403 U.S. 573, 579, 91 S.Ct. 2075, 2080, 29 L.Ed.2d 723, 731 (1971). Prior to 1983, where a search warrant was based on a CI's tips, the Supreme Court required a stringent two-prong inquiry into the CI's veracity or reliability and basis of knowledge. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. U.S., 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). While these remain important elements for consideration by an issuing magistrate, the Court in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), departed from that stringent two-pronged test and announced a "totality of circumstances" test. In Florida, fourth amendment issues are interpreted in accordance with the decisions of the United States Supreme Court. Art. I, § 12, Fla. Const. (amend. 1982); Bernie v. State, 524 So.2d 988 (Fla. 1988). We, therefore, examine the affidavit here under the standard announced in Gates.
To issue the search warrant, the court had to find that given all the circumstances, including consideration of the veracity and basis of knowledge of those supplying hearsay information, there was a "fair probability" contraband would be found in the defendant's house. Gates, 462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548. First, the affidavit contained only the statements of the two officers. Neither the CI nor Harrison gave an affidavit nor is there any indication either appeared before the issuing magistrate.
Second, although the affidavit stated that the CI had previously provided reliable *1250 information to the Tampa Police Department, it did not set forth any facts from which the magistrate could conclude that either affiant had any personal knowledge of the CI's reliability. Moreover, while the CI was searched to determine that he was not carrying contraband, Harrison, who allegedly made the purchase from the defendant, was not. Further, there was no information in the affidavit concerning Harrison's reliability or basis of knowledge.
Third, the affiants did not personally observe the alleged transaction and were not in visual or audio contact with the CI. Instead, they relied on the information relayed to them by the CI, who, in turn, relied in part on information received from Harrison. While the affidavit stated that the CI "observed this transaction from the street," it did not state what he saw or heard, i.e., whether the CI saw any money or drugs exchange hands.
Thus, the affidavit not only failed to contain facts regarding the reliability of the CI or Harrison, it also lacked information from anyone who could connect the defendant to the purchase of cocaine. We are mindful, however, that even where the affidavit fails to include this information, other data may be sufficient to establish probable cause. Gates, 462 U.S. at 237-238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548. We recently recognized the application of this principle in Delgado v. State, 556 So.2d 514 (Fla. 2d DCA 1990). There, a search warrant was issued based on statements in an affidavit which was deficient in respect to the informant's veracity and basis of knowledge. In Delgado, however, the affiant police officer observed the CI continuously until he returned with contraband.
In contrast, the officers here did not participate in the transaction. There were no allegations that anyone saw any contraband in the defendant's home or that he went into the house to obtain the cocaine. In sum, there were no facts from which the magistrate could conclude that contraband was and would still be located in the defendant's home. Thus, we conclude that in issuing the search warrant, the magistrate's evaluation of the "totality of circumstances" was improper.
This determination, however, does not end our inquiry. In United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the Supreme Court announced a "good faith" exception to the exclusionary rule. In the instant case, however, the affidavit was so lacking in facts to establish probable cause that the officer's reliance upon the warrant was unreasonable. As the Supreme Court observed in Leon: "[R]eviewing courts will not defer to a warrant based on an affidavit that does not `provide the magistrate with a substantial basis for determining the existence of probable cause.'" Leon, 468 U.S. at 915, 104 S.Ct. at 3416, 82 L.Ed.2d at 693. The affiants had no personal knowledge of the reliability of the CI or Harrison. Although the CI may have given reliable information to the Tampa Police Department, there was no indication to whom or how long ago it was. There were no statements from which one could believe drugs would be found in the defendant's home. See St. Angelo v. State, 532 So.2d 1346 (Fla. 1st DCA 1988) (Good faith exception did not apply where affiant did not personally check information regarding the CI's reliability and had not verified information from investigator to whom the CI was to have given reliable information.); Rand v. State, 484 So.2d 1367 (Fla. 2d DCA 1986) (Officer could not reasonably rely on a warrant where the affidavit contained no allegation of when contraband was observed on the premises and the deputy knew it was critical to warrant's validity). Thus, reliance on the warrant here cannot fall within the "good faith" exception of Leon.
Finally, the defendant raises two additional issues which merit mention, although upon remand they may become moot. First, the defendant correctly points out that since he had been declared indigent, the trial court erred in imposing costs *1251 against him without the required notice and opportunity to be heard. Jenkins v. State, 444 So.2d 947 (Fla. 1984). Second, the court erroneously included nine special conditions in its written probation order which were not orally announced by the court at sentencing. See Jacobs v. State, 533 So.2d 911 (Fla. 2d DCA 1988).
Accordingly, we vacate the defendant's convictions and sentence, reverse the denial of the motion to suppress, and remand for proceedings consistent herewith.
FRANK and THREADGILL, JJ., concur.