583 So.2d 705 (1991)
STATE of Florida, Appellant,
v.
Barbara A. MACOLINO and Fletcher Anderson, Appellees.
No. 90-02350.
District Court of Appeal of Florida, Second District.
June 28, 1991.
Rehearing Denied August 8, 1991.
*706 Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
Joseph H. Ficarrotta, Tampa, for appellee Macolino.
No appearance for appellee Anderson.
THREADGILL, Judge.
The state appeals an order suppressing 48 grams of cocaine and 160.3 grams of marijuana seized pursuant to a search warrant from the residence of the appellees, Barbara A. Macolino and Fletcher Anderson. We reverse.
The affidavit submitted to the magistrate in support of the warrant is as follows:
Exhibit "B"
The affiant is a member of the Hillsborough County Sheriffs Office and has been so employed since 30, January 1985. The affiant has been assigned to the special investigation division as a narcotics investigator since 2, January 1989. The affiant has been involved in narcotics arrests during her employment with the Hillsborough County Sheriffs Office, since 30, January 1985. The affiant has been a participant in the execution of search warrants for narcotics, marijuana, and dangerous drugs, which has resulted in the arrest of persons violating the Florida Comprehensive Drug Abuse Prevention and Control Act. The affiant is a graduate of the United States Department of Justice Drug Enforcement Administration School. The affiant is personally familiar with the illegal possession, delivery, and sale of narcotics, marijuana, and dangerous drugs in Hillsborough County, Florida.
During the period of time, 17, January 1990, to 24, January 1990, your affiant was contacted by confidential informant number 90-11, hereafter referred to as confidential informant. Said confidential informant advised your affiant that there is a white male known to confidential informant as Fletcher Anderson, who regularly stores and distributes cocaine from the residence described in exhibit "A" of this search warrant. Said confidential informant further advised that during the period of time 17, January 1990 to 24, January 1990, the confidential informant observed a quantity of cocaine inside the residence described in exhibit "A" of this search warrant, being stored for distribution therein.
The confidential informant personally directed your affiant to the residence described in exhibit "A" of this search warrant, and advised same is the residence of a white male Fletcher Anderson.
Your affiant offers the following information to establish the credibility of the confidential informant:
1. Said confidential informant has assisted your affiant in past investigations, and the information has been reliable and trustworthy.
2. Said confidential informant has assisted other Hillsborough County Sheriffs Office detectives in past investigations *707 [sic] has resulted in the arrest of a subject for numerous felony violations.
3. Your affiant has been personally acquainted with said confidential informant for a period of approximately two weeks. During this time period, said confidential informant has assisted your affiant in numerous ongoing investigations, which upon their termination, will result in the arrest of at least five persons for felony violations.
4. Said confidential informant is a past user of cocaine and can recognize cocaine in its various forms.
Based on the foregoing totality of circumstances your affiant has reason to believe and does believe that there is currently being stored at the residence described in exhibit "A" of this search warrant a quantity of cocaine and said cocaine is subject to seizure per Florida law.
Under the totality of the circumstances test set forth in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the task of the magistrate issuing a search warrant is to make a practical common-sense decision whether, given all the circumstances, including veracity and basis of knowledge, there is a fair probability that contraband will be found in a particular place. The duty of a reviewing court is not to make a de novo determination of probable cause, but to determine whether substantial evidence supports the issuing magistrate's decision. Illinois v. Gates, 462 U.S. at 238, 103 S.Ct. at 2332; State v. Van Pieterson, 550 So.2d 1162 (Fla. 1st DCA 1989).
We find that there is substantial evidence in the affidavit to support the magistrate's finding of probable cause. First, we find that the affidavit establishes the informant's reliability. In State v. Compton, 301 So.2d 810 (Fla. 2d DCA 1974), we held that an affiant's allegation that she personally knows from past experience that the confidential informant is reliable is sufficient to establish reliability. Although the affiant in this case had known the confidential informant for only two weeks when she received the information, she had received reliable information from him during this time.
We further find that the factual basis for the probability that cocaine would be found on the premises was sufficient. The confidential informant had personally observed cocaine in the appellees' house the week before the search warrant was executed and knew that appellee Anderson regularly stored and distributed cocaine from there. As the confidential informant had himself used cocaine, he could recognize it in its various forms. In addition, the informant escorted the affiant to the premises where he had seen the cocaine and informed her that it was the residence of appellee Anderson.
The defense relies on Brown v. State, 561 So.2d 1248 (Fla. 2d DCA 1990) as authority to show that the affidavit was insufficient. Brown is distinguishable from the instant case on the ground that the Brown affidavit was insufficient on its face. The insufficiency was made apparent by the fact that the confidential informant in Brown had not seen the cocaine on the premises described in the warrant. The informant had procured the cocaine from a third party who said he had received it from a man inside the premises, but there was no factual basis in the affidavit to show that the third party was reliable.
In the case before us, the informant personally saw the cocaine inside the appellant's house, and the affiant personally knew the informant had given reliable information in the past. Thus, unlike the affidavit in Brown, this affidavit was sufficient on its face. The resolution of doubtful or marginal cases should be largely determined by the strong preference for searches conducted pursuant to a warrant. Illinois v. Gates, 462 U.S. at 236 n. 10, 103 S.Ct. at 2331 n. 10. Therefore, we reverse the order suppressing the evidence and remand for further proceedings.
Reversed.
HALL, A.C.J., and ALTENBERND, J., concur.