612 So.2d 686 (1993)
Susan E. FELLOWS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03988.
District Court of Appeal of Florida, Second District.
January 22, 1993.
James Marion Moorman, Public Defender, and D.P. Chanco, Assistant Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
This appeal is from a plea of no contest to two counts of possession of cocaine, one count of possession of LSD, and one count of possession of drug paraphernalia, in which Susan E. Fellows (Fellows) specifically reserved her right to appeal the denial of her motion to suppress evidence. *687 Fellows argues the affidavit in support of the search warrant did not on its face demonstrate a sufficient basis to establish the reliability of the confidential informant. We agree with this contention and reverse.
The affidavit for the search warrant contained this information: "Your affiant offers the following to show the trustworthiness and reliability of said confidential informant: 1. Said confidential informant has assisted the Hillsborough County Sheriff's Office on investigations in the past and information provided during the investigations was found to be reliable and trustworthy. 2. Said confidential informant is a past user of cocaine and can recognize cocaine in its various forms." The confidential informant was further identified by a confidential informant number issued by the Hillsborough County Sheriff's Office.
The court had to find that given all the circumstances, including consideration of the veracity and basis of knowledge of those supplying hearsay information, probable cause existed to support issuance of the warrant. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The state argues that the trial court properly relied on State v. Macolino, 583 So.2d 705 (Fla. 2d DCA 1991), in denying the motion to suppress. However, the instant case is distinguishable from Macolino, in that the affiant in Macolino had personal knowledge of the confidential informant's reliability. At most, the statements in the affidavit in this case indicate someone other than the affiant considered the confidential informant to be reliable, but there was no corroboration of reliability from an independent source. St. Angelo v. State, 532 So.2d 1346 (Fla. 1st DCA 1988).
This court in Brown v. State, 561 So.2d 1248 (Fla. 2d DCA 1990), held an allegation that the confidential informant had previously provided reliable information to the Tampa Police Department was insufficient to establish the informant's reliability. Although the affidavit in the instant case stated the informant had previously provided reliable information to the Hillsborough County Sheriff's office, it did not set forth any additional facts concerning reliability. We conclude an affidavit must set forth facts from which the magistrate could find the affiant had personal knowledge of the confidential informant's reliability or facts which corroborate the reliability of the confidential informant from an independent source.
In following St. Angelo and Brown, we hold the good faith exception to the exclusionary rule announced in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), is inapplicable. We reverse the order denying motion to suppress and remand for further proceedings.
Reversed and remanded.
THREADGILL, A.C.J., and PARKER, J., concur.