637 So.2d 351 (1994)
Kelvin Deon SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1444.
District Court of Appeal of Florida, First District.
June 1, 1994.
Nancy A. Daniels, Public Defender, and Chris W. Hoeg, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Thomas Crapps, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Senior Judge.
Kelvin Deon Smith has appealed from his conviction of possession of cocaine following a plea of nolo contendere, reserving the right to appeal the denial of his motion to suppress. The parties agree that the suppression issue is dispositive of the case. We reverse the order denying the motion to suppress, vacate the judgment and sentence, and remand with directions that Smith be discharged.
Smith, a juvenile, was charged with possession of cocaine, seized from his residence during a search for stolen firearms pursuant to a warrant. The affidavit in support of the warrant averred:
Within the past thirty (30) days your affiant received information from a confidential reliable source [CI] who is known to your affiant to be a citizen and resident of Bay County, Florida. According to this confidential reliable source, he/she was legally invited into the previously described dwelling within the same past thirty (30) day period. While inside the previously described dwelling, this confidential reliable source observed a quantity of firearms, told to him to be stolen and produced to your affiant a RG .22 caliber revolver, serial numbers removed, known to be stolen from a residence in Parker, FL.
Also within the past thirty (30) days, your affiant has received information from another confidential reliable source [CI] who is known to your affiant to be a citizen and a resident of Bay Co., Florida. According to this confidential reliable source, he/she has negotiated for the purchase of a stolen firearm from a person residing at previously described residence.
Both of these confidential reliable sources have proved to be reliable in the past in that he/she have [sic] provided information that has proven true and accurate and has led to successful arrest.
Both of the confidential reliable sources knows [sic] the individual involved in this illegal firearms transaction at this residence to be KELVIN SMITH (R. 60-61).
*352 On October 16, 1992, Smith moved to suppress, arguing that the affidavit did not contain sufficient evidence showing the reliability of the informants. The court denied the motion without explanation after a hearing, and Smith pled nolo contendere, reserving the right to appeal the denial.
Appellant argues that an issuing magistrate must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability contraband or evidence of a crime will be found in a particular place. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983) (e.s.).
Appellant points out that, in Fellows v. State, 612 So.2d 686 (Fla. 2d DCA 1993), as here, the affidavit generally alleged the informant's previous reliability. The court reversed the denial of a motion to suppress, in that the affidavit did not set forth facts from which the magistrate could find that the affiant had personal knowledge of the informant's reliability, or facts from an independent source which corroborated reliability. Here, the affiant alleged no personal knowledge of the informants' reliability. One of them produced a stolen weapon, but there is no allegation that he obtained it from the subject residence. Because the affidavit herein is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, the "good faith exception" to the exclusionary rule does not apply. See U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (the exclusionary rule is not applicable to exclude evidence obtained by a law enforcement officer acting in objectively reasonable reliance on a warrant ultimately found unsupported by probable cause).
The state counters that rulings on motions to suppress are clothed with a presumption of correctness. The appellate court must therefore interpret the evidence and make reasonable inferences and deductions in the light most favorable to sustaining the trial court's ruling. Johnson v. State, 608 So.2d 4, 9 (Fla. 1992), cert. den., ___ U.S. ___, 113 S.Ct. 2366, 124 L.Ed.2d 273 (1993). The job of the reviewing court is to ensure that the issuing magistrate had a "substantial basis for concluding" that probable cause exists. Gates, 462 U.S. at 236, 103 S.Ct. at 2331.
The state points out that two informants provided police with information indicating that Smith was dealing in stolen firearms, and one bolstered his credibility by providing a stolen gun. Further, each informant had a history of providing accurate information leading to arrest. Thus, the affidavit sufficiently demonstrated the informants' reliability so as to show a "fair probability" that contraband or evidence thereof would be found at Smith's residence. Even if the affidavit does not sufficiently demonstrate reliability, it cannot be said that it was "so lacking in indicia of probable cause so as to render official belief in its existence entirely unreasonable." Thus, if the court finds the affidavit insufficient, it should nevertheless affirm under the good faith exception to the exclusionary rule, as set forth in Leon.
A warrant affidavit based on information from confidential informants must contain at least some information about the informants' reliability and/or basis for knowledge. Delacruz v. State, 603 So.2d 707, 709 (Fla. 2d DCA 1992), citing Brown v. State, 561 So.2d 1248 (Fla. 2d DCA 1990). In Brown, officers gave money to an informant, with which he told them he had purchased drugs at a certain residence. The officers obtained a search warrant, based on an affidavit alleging as to the informant's reliability only that he had "in the past provided information to the police department proving true and reliable." The Brown court reversed, noting that: 1) there were no facts showing the officers' personal knowledge of reliability, and 2) the officers did not personally observe the CI, but relied on information he relayed to them. Brown at 1250.
In St. Angelo v. State, 532 So.2d 1346 (Fla. 1st DCA 1988), the supporting affidavit alleged that the informant "had provided information in the past to Investigator Moore [not the affiant]." The court reversed the denial of a suppression motion, in that the affidavit indicated only that someone else considered the informant reliable, and lacked corroboration from an independent source. St. Angelo, *353 532 So.2d at 1347. Accord Fellows v. State, 612 So.2d 686 (Fla. 2d DCA 1993), where the supporting affidavit alleged that the informant had "assisted the office on past investigations during which information provided was reliable and trustworthy." The court reversed, citing St. Angelo, and holding that an affidavit must contain facts from which the magistrate could find the affiant has personal knowledge of the CI's reliability, or facts which corroborate reliability from an independent source. Fellows, 612 So.2d at 687. Compare State v. Macolino, 583 So.2d 705 (Fla. 2d DCA 1991) (affiant alleged personal knowledge from past experience that the informant was reliable, and officer observed purchase of cocaine at residence shown him by the informant).
Here, the supporting affidavit alleged that "[b]oth of these confidential reliable sources have proved to be reliable in the past in that he/she have [sic] provided information that has proven true and accurate and has led to successful arrest." It neither alleges nor shows the affiant's personal knowledge of the informant's reliability. As for "facts from an independent source corroborating reliability," the affidavit does allege that one of the informants supplied the police with a stolen firearm. However, it does not allege that the informant obtained that firearm from the subject residence. Therefore, the "fact" that a stolen firearm was produced for police does not corroborate the informants' reliability.
The state contends that this court should nevertheless affirm based on Leon. However, that case provides that the exclusionary rule applies in cases where the warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923, 104 S.Ct. at 3421.
The St. Angelo, Brown, and Fellows courts all refused to apply the good faith exception under the circumstances of those cases as outlined above, all similar to the circumstances herein. See also Thompson v. State, 548 So.2d 806 (Fla. 1st DCA 1989) (good faith does not apply where the supporting affidavit is so deficient in establishing a substantial basis for probable cause that reliance thereon is not objectively reasonable). Here, the affidavit is based entirely on hearsay information obtained from informants whose reliability is supported neither by the affiant's personal knowledge, nor by independent corroborating facts. We therefore find that reliance on that affidavit for probable cause is not objectively reasonable, and that the good faith exception set forth in Leon is inapplicable herein.
Based on the foregoing, we reverse the denial of the motion to suppress, vacate the conviction and sentence, and remand with directions to discharge the appellant.
KAHN and BENTON, JJ., concur.