PER CURIAM.
Alphonso Wynn appeals the trial court’s order denying his motion to suppress evidence seized from his home. For the reasons set forth below, we reverse.
Wynn was charged by information with trafficking in cocaine. He moved to suppress the cocaine seized from his home by the Indian River County Sheriffs Office. At the hearing on the motion, Detective Darren Jones testified he met with an informant who told Jones he had seen cocaine in Wynn’s home. The informant had provided information prior to this occasion, but none of it had ever been verified. The information on Wynn was relayed to Detective Leroy Smith. Smith asked the informant how he knew the substance in Wynn’s home was cocaine and the informant responded, “Cause I can look at it, I know cocaine, I’ve been dealing in cocaine for about five or six years.”
Smith concluded it would be necessary to do a “controlled buy” before there would be probable cause to get a search warrant and Jones and Smith both testified a controlled buy was set up to determine the validity of the informant’s statements. The informant agreed to go to Wynn’s house to buy cocaine. When he arrived at Wynn’s residence, however, Wynn and his brothers refused to sell him cocaine and, in fact, chased him away. Although the controlled buy was unsuccessful, Smith went forward with a request for a search warrant for Wynn’s home. The affidavit in support of the warrant was based solely on the informant’s earlier statement about seeing cocaine. The affidavit stated the informant was an admitted drug dealer, but it did not mention the failed controlled buy or the fact that the informant had been chased from Wynn’s house. The warrant was issued and executed.
According to both the Fourth Amendment to the United States Constitution and the Florida Constitution, no search warrant should be issued except upon probable cause. In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court stated that, in order to determine whether probable cause exists, the issuing magistrate is required to “make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.” Id. at 238, 103 S.Ct. at 2332. Even if an informant’s veracity and reliability has not been proven, however, an issuing magistrate could find probable cause if the informant’s hearsay information is corroborated, or the informant is “an unquestionably honest citizen.” Id. at 233, 244, 103 S.Ct. at 2330, 2335. Neither of these alternatives are present here.
In this case, the affidavit for the warrant provided that a cooperating source, who admitted to being a drug dealer, told Smith he saw cocaine at Wynn’s home. The affidavit did not say that the informant had provided reliable information in the past. The affidavit also did not say that any information provided on this occasion by the informant had been independently verified by law enforcement officers. As a result, the informant (who has no proven reliability or veracity and cannot be ranked among those who are “unquestionably honest citizens”) was the only foundation upon which probable cause could be established. We cannot find that the informant’s unsubstantiated words were enough to support issuing a warrant in this case. There was simply an insufficient basis to conclude, with any fair probability, that contraband would be found in Wynn’s home. *136 This ease is almost identical to the situation involved in Smith v. State, 637 So.2d 351 (Fla. 1st DCA 1994), which reversed the denial of a motion to suppress when the warrant was issued solely on hearsay information obtained from an informant whose reliability was not supported either by the affi-ant’s personal knowledge nor by independent corroborating facts.
Even assuming, however, that the affidavit facially established probable cause to search Wynn’s home, we would still reverse in this instance as material facts were omitted from the affidavit. See State v. Van Pieterson, 550 So.2d 1162, 1164 (Fla. 1st DCA 1989) (stating: “In determining whether a material omitted fact should invalidate the search warrant, the reviewing court should view the affidavit as if it had included the omitted fact and then determine whether the affidavit provides sufficient probable cause.”). In this case, Smith omitted two obviously significant facts from the affidavit. First, the informant had never provided information to the Sheriffs Office that had been verified or proved to be reliable. Second, the affidavit did not state that a controlled buy failed and the informant was chased from Wynn’s home. If those two factors had been included in the affidavit, we are confident that the warrant would not have been issued.
We reverse the order denying the motion to suppress, vacate the judgment and sentence, and remand with directions that Wynn be discharged.
ANSTEAD, KLEIN and STEVENSON, JJ., concur.