PER CURIAM.
The state challenges the trial court’s order granting the appellees’ joint motion to suppress. We find that the trial court erred in granting the motion to suppress and, accordingly, reverse.
The appellees were charged with one count of possession of cannabis contrary to section 893.13(l)(f), Florida Statutes (1991), and the appellees filed joint motions to suppress the evidence. The affidavit in support of the search warrant provided in part as follows:
Your affiant offers the following to show the trustworthiness and reliability of said confidential informant: 1) Confidential informant has assisted the Hillsborough County Sheriffs Office in the past and information provided by confidential informant has proven to be truthful and reliable. 2) Confidential informant is a past user of marijuana and can recognize marijuana in its various forms.
The affidavit stated that the informant was searched prior to entering the structure, was given money, and was observed by the affi-ant entering and exiting the structure. The affidavit also stated that the informant was monitored by the affiant with an electronic transmitting device and that upon exiting the *54 structure that the informant turned over marijuana and was searched again.
The trial court granted the appellees’ joint motion to suppress and found that the affidavit in support of the search warrant was facially insufficient in that it faded to establish the reliability of the confidential informant. The trial court also found that the controlled buy exception to the required showing of the reliability of the confidential informant did not apply. The state filed a timely notice of appeal.
The state contends that the trial court erred in granting the appellees’ joint motion to suppress since the affidavit alleged sufficient facts regarding the confidential informant to support a probable cause determination. The state also contends that if the affidavit was insufficient then the controlled buy exception applied. We agree "with the state that the affidavit was a sufficient predicate for the issuance of the warrant because the controlled buy exception applied.
With regard to establishing the reliability of the confidential informant, an affidavit must set forth facts from which the magistrate could find the affiant had personal knowledge of the confidential informant’s reliability or facts which corroborate the reliability of the confidential informant from an independent source. Fellows v. State, 612 So.2d 686 (Fla. 2d DCA 1993). The affidavit in the instant case did not indicate that the affiant had personal knowledge of the reliability of the informant and although the informant may have previously given reliable information to the sheriffs office, there was no indication to whom or how long ago it was. See Brown v. State, 561 So.2d 1248 (Fla. 2d DCA 1990). We find that the trial court was therefore correct in finding that the affidavit failed to establish the reliability of the confidential informant.
While the absence of statements in an affidavit of probable cause as to the reliability of a confidential informant would normally render an affidavit deficient, there exists an exception when the informant makes a controlled buy. Polk v. Williams, 565 So.2d 1387 (Fla. 5th DCA 1990). A controlled buy is one in which the confidential ihformant'is'personally supervised and constantly monitored by the affiant. Id. at 1389. In State v. Gieseke, 328 So.2d 16 (Fla.1976), the supreme court held that an informant made a successful controlled buy where he was searched, given money, observed entering and leaving the building, returned to the affiant, and was searched again revealing drugs. See also State v. Schulze, 581 So.2d 610 (Fla. 2d DCA 1991); Clark v. State, 635 So.2d 1010 (Fla. 1st DCA 1994).
As in Gieseke, the affidavit in the instant case stated that the informant was searched, was given money, was observed entering and exiting the building, returned to the affiant, was searched again revealing drugs, and was equipped with an electronic transmitting device which was monitored by the affiant. Since the facts contained in the affidavit were sufficient to show a controlled buy, we find that the trial court erred in suppressing the evidence.
We, accordingly, reverse the trial court’s order granting the appellees’ joint motion to suppress.
Reversed.
SCHOONOVER, A.C.J., and THREADGILL and BLUE, JJ., concur.