SHAHOOD, Judge.
Appellant Gregory Boyle pled nolo conten-dere to simple possession of explosives, but reserved the right to appeal the court’s denial of his motion to suppress. On appeal, he maintains that the affidavit upon which the search warrant was based was facially insufficient in that it failed to state that the officer had personal knowledge of the informant’s reliability or that the officer corroborated the informant’s information. We agree, and reverse.
Acting on a tip from a fellow law enforcement officer, Detective Rastrelli (“Rastrelli”) conducted a four-month surveillance of appellant’s residence. At the end of that time, Rastrelli filed an application for a warrant to search appellant’s residence. Rastrelli’s accompanying affidavit contained the following facts:
On 04/22/94, Detective Norm Proper of the St. Lucie County Sheriffs Office advised your affiant that he received information from a past reliable source that has given reliable information in the past that has lead [sic] to seizures of narcotics and arrests.
Detective Proper advised your affiant that the confidential informant observed a quantity of cocaine powder within the last 72 hours of trafficking amount in the above described premises and its curtilage to be searched.
Your affiant has conducted surveillance on the above described premises and its curti-lage to be searched in the past four (4) months and found that the subject, W/M, Gregory Boyle, has not put any garbage out at night as all other resident do on his street. In addition, Mr. Boyle does not appear to leave the above described premises and its curtilage to be searched to go to work. The windows are very darkly tinted and there are no address numbers affixed to the premises. Due to the surveillance conducted by your affiant and the information received from the confidential informant, your affiant believes the behavior of W/M, Gregory Boyle is indicative to that of someone who earns their [sic] living dealing in narcotics.
Based on the affidavit, Rastrelli obtained a warrant, executed it, and recovered narcotics, paraphernalia, and explosives. In denying appellant’s motion to suppress, the trial court found that the affidavit sufficiently stated probable cause for the issuance of the search warrant.
The trial court’s ruling on a motion to suppress is presumed correct; therefore, on review, the court should interpret the evidence, including reasonable inferences, in the manner most favorable to sustaining the trial court’s ruling. McNamara v. State, 357 So.2d 410 (Fla.1978). The trial court’s denial of a motion to suppress must be “without basis in the evidence or predicated upon an incorrect application of the law.” State v. Smith, 529 So.2d 1226 (Fla. 3d DCA 1988).
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court held that courts should consider an informant’s veracity, reliability and basis of knowledge using a “totality of the circumstances” approach. Id. at 230-31, 103 S.Ct. at 2328. In other words, the magistrate should “make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.” Id. at 238, 103 S.Ct. at 2332. Florida courts applying Gates have held that “an affidavit must set forth facts from which the magistrate could find the affiant had personal knowledge of the confidential informant’s reliability or facts *332 which corroborate the reliability of the confidential informant from an independent source.” Fellows v. State, 612 So.2d 686 (Fla. 2d DCA 1993); St. Angelo v. State, 532 So.2d 1346 (Fla. 1st DCA 1988).
In Fellows, the court considered the reliability of information similar to that in the affidavit in the case at bar. The affidavit in Fellows stated that “[s]aid confidential informant has assisted the Hillsborough County Sheriffs Office on investigations in the past and information provided during the investigations was found to be reliable and trustworthy.” Fellows, 612 So.2d at 687. The court held that that language merely indicated that someone other than the affiant had knowledge of the informant’s reliability. Id.; see also St. Angelo, 532 So.2d at 1347 (where affidavit stated that informant had provided reliable information to another investigator in the past, and affiant neither had personal knowledge of informant’s reliability nor corroborated the information, affidavit fails to establish credibility and basis of knowledge). Since there was no corroboration of reliability from an independent source, the court held that the warrant did not demonstrate a sufficient basis to establish the reliability of the informant. Fellows.
We find the reasoning of Fellows and St. Angelo to be persuasive and applicable to the instant case since Rastrelli neither had personal knowledge of the informant’s reliability, nor obtained facts to independently corroborate the informant’s allegations. Rastrelli’s observations that the windows of appellant’s home were tinted, that the garbage was not taken out regularly, and that appellant did not appear to leave his home in the morning to go to work, did not corroborate the information that within the “last 72 hours” there was a “trafficking amount” of cocaine powder at appellant’s residence. Furthermore, even were we to strike that portion of the affidavit which conveys the informant’s information, the affidavit would be insufficient since Rastrelli’s independent observations, alone, did not demonstrate that there was a fair probability that contraband would be found at appellant’s residence.
For the reasons stated herein, we reverse the trial court’s denial of appellant’s motion to suppress and remand for further proceedings consistent with this opinion.
PARIENTE, J., and ZEIDWIG, HOWARD M., Associate Judge, concur.