690 So.2d 1337 (1997)
Robert Edwin McNEELY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1103.
District Court of Appeal of Florida, First District.
March 14, 1997.
*1338 Nancy A. Daniels, Public Defender, David A. Davis, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Jean-Jacques A. Darius, Assistant Attorney General, Tallahassee, for Appellee.
PADOVANO, Judge.
The defendant, Robert Edwin McNeely, appeals an order placing him on probation for the crime of manufacturing cannabis. The sole argument for reversal is that the trial court erred in denying the defendant's motion to suppress the marijuana plants that were the subject of the charge. We conclude that the reliability of the confidential informant who provided the information against the defendant was not sufficiently verified in the affidavit supporting the warrant to search the defendant's residence. Therefore, we reverse.
Captain Ronald Lee of the Washington County Sheriff's Department signed the affidavit supporting the search warrant. According to the affidavit, a confidential informant told Sheriff Frank McKeithen that he had seen marijuana plants at the defendant's residence between June 1, 1995 and June 28, 1995. Sheriff McKeithen advised Captain Lee that the informant knew about marijuana and had provided reliable information about marijuana offenses in the past. Captain Lee then spoke directly with the informant and obtained more detail about the characteristics of the marijuana plants. The informant gave Captain Lee directions to the defendant's house and described it as a house built off the ground on stilts, enclosed by a fence with a gate, and protected by bad dogs as indicated by a sign in front. Captain Lee drove out to the house and verified this information regarding its location and description.
A county judge signed the search warrant based on Captain Lee's affidavit and the ensuing search of the defendant's residence resulted in the seizure of marijuana plants. The state then charged the defendant with manufacturing cannabis in violation of section 893.13(1)(a), Florida Statutes. The defendant challenged Captain Lee's affidavit in a motion to suppress but the trial court ruled that the affidavit was sufficient and denied the motion. At that time, the defendant entered a plea of nolo contendere reserving his right to appeal the trial court's ruling on the search and seizure issue. The court accepted the plea and entered an order withholding adjudication of guilt and placing the defendant on probation for three years. This appeal followed.
Whether a search warrant is supported by probable cause is an issue that is determined and reviewed in the totality of the circumstances of a given case. As the Supreme Court explained in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the task of the magistrate is simply to make a practical and common-sense decision *1339 whether the facts give rise to a fair probability that contraband evidence of a crime will be found in a particular place. If the search is challenged, the duty of the trial court is to determine whether the magistrate had a substantial basis for concluding that probable cause existed. Id. 462 U.S. at 235, 103 S.Ct. at 2330-31.
Hearsay information provided by a confidential informant is sufficient to support an affidavit for a search warrant but only if the reliability of the informant has been verified or corroborated by facts contained in the affidavit. Smith v. State, 637 So.2d 351 (Fla. 1st DCA 1994); St. Angelo v. State, 532 So.2d 1346 (Fla. 1st DCA 1988). In this case, Captain Lee attempted to establish the reliability of the informant by asserting that he had provided truthful and accurate information to the Sheriff's Department on past occasions. As the affidavit plainly reveals, however, Captain Lee did not have personal knowledge of this fact. Here, as in St. Angelo, Captain Lee's statement in the affidavit regarding the informant's previous truthful tips showed only that someone elsenamely Sheriff McKeithenconsidered the informant to be reliable.
At the suppression hearing, the trial court distinguished this case from St. Angelo by pointing out that Captain Lee had independently corroborated the information provided by the informant. The only details of the tip that Lee corroborated, however, were the directions to the defendant's house and the description of the house and yard. It is not enough to verify innocent details such as these. As explained in Gillette v. State, 561 So.2d 4 (Fla. 5th DCA 1990), "[c]orroboration of easily accessible information does not establish the credibility of an informant." In Gillette, the court held that the affiant must provide independent evidence of the "inculpatory details." Likewise, the basis for upholding the sufficiency of the affidavit in Illinois v. Gates, was that the officers had corroborated "a range of details relating not just to easily obtained facts and conditions existing at the time of the tip, but to future actions of third parties ordinarily not easily predicted." Id. 462 U.S. at 244, 103 S.Ct. at 2335. In contrast, the recitation of easily discovered and innocuous facts such as the existence of a house at a certain location does not tend to prove the reliability of a confidential informant.
We have considered and rejected the state's argument that the search and seizure can be sustained under the good faith exception defined in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The good faith exception is not applicable here because the affidavit is so deficient in establishing a substantial basis for probable cause that reliance on it was not objectively reasonable. As we explained in Smith and St.Angelo, the good faith exception is inapplicable if the affidavit is based entirely on hearsay information obtained from an informant whose reliability is supported neither by the affiant's personal knowledge nor by independent corroborating facts. Based on these precedents we must also conclude that the good faith exception does not apply here.
For these reasons we hold that the affidavit was insufficient to justify the issuance of a search warrant. The reliability of the informant was not established by an officer having personal knowledge. Nor was the information provided by the informant corroborated by other facts set out in the affidavit.
Reversed.
MICKLE and ALLEN, JJ., concur.