WOLF, Judge.
Appellant challenges a final judgment and sentence for various drug offenses following the denial of his motion to suppress narcotics and contraband seized from his residence pursuant to a search warrant. Appellant raises two issues on appeal, one related to the trial court’s failure to- grant his motion to suppress evidence, and the other related to the improper imposition of investigative costs. We find that the reliability of the confidential informant was not sufficiently verified within the affidavit requesting the search warrant, and we are required to reverse the denial of the motion to suppress pursuant to McNeely v. State, 690 So.2d 1337 (Fla. 1st DCA 1997), and St. Angelo v. State, 532 So.2d 1346 (Fla. 1st DCA 1988). It is, therefore, unnecessary for us to reach the second issue raised by appellant. We do feel, however, there is some question concerning the applicability of the good-faith exception to the exclusionary rule identified in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In light of the closeness of the question and some conflict in this area among the various districts, we certify a question concerning the applicability of Leon.
In June 1996, Officer Greg Nesmith of the Escambia County Sheriffs Department submitted an affidavit for a search warrant to an Escambia County judge for the premises known as 3005 West Desoto Street located in Escambia County, Florida. Officer Nesmith alleged in his affidavit that the referenced premise's were “occupied by or under the control of white male Jorge McCormick, and or persons unknown to your affiant” and that he believed, based on his qualifications as a narcotics investigator and information given to him by a confidential informant, that marijuana, -LSD, drug paraphernalia, and evidence of drug sales would be found at the premises. Officer Nesmith set forth the following assertions in his affidavit regarding the information obtained from the confidential informant:
Your affiant was contacted by a reliable confidential informant, hereafter referred to as RCI. The RCI has provided information to law enforcement on at least twenty occasions regarding illegal criminal activities occurring in Escambia County, Florida that has proven to be accurate and true. The RCI stated that the RCI has observed marijuana on at least 100 occasions and the *938 RCI is familiar with its physical appearance and smell. The RCI is responsible for the arrest of four individuals and the seizure of $400.00 in illegal controlled substances. The RCI stated within the past ten days, the RCI was inside the above described location and observed Jorge McCormick in possession of a large quantity of marijuana. The RCI stated that Jorge McCormick lives at the above described location. The RCI stated that the RCI did observed to!4 pound of marijuana packaged for distribution. This is consistent with the quantities kept by distributors of marijuana. The RCI stated that the RCI has on several occasions observed Jorge McCormick within the past six months in possession of large quantities of marijuana. The RCI also stated to your affiant that the RCI has observed Jorge McCormick within the past 15 days in possession of a quantity of Acid (Lysergic acid diethylamide, LSD).
Your affiant caused a criminal history inquiry to be conducted on Jorge McCormick. The criminal history inquiry revealed that Jorge McCormick has been arrested for possession with intent to distribute dangerous drugs to wit, Acid in 1989. Jorge McCormick was also arrested for possession with intent to distribute marijuana and LSD in 1991. In 1995 Jorge McCormick was arrested for possession of marijuana.
A subsequent search pursuant to the warrant, executed by Officer Nesmith and other members of the Escambia County Sheriffs Department, resulted in the seizure of assorted drugs and drug paraphernalia.
Appellant challenged the search in a motion to suppress on grounds that the search warrant affidavit submitted by Officer Nesmith had been fatally defective in that it had faded to set forth either facts from which a magistrate could have found that Officer Nesmith had personal knowledge of the confidential informant’s reliability or facts from an independent source which corroborated the reliability of the confidential informant’s information. Appellant further argued in his motion that these defects in the affidavit precluded application of the good-faith exception to the exclusionary rule since no reasonable law enforcement officer would have in good faith executed such a warrant based on a defective affidavit.
At the suppression hearing, Officer Nes-mith testified that the confidential informant referred to in the affidavit had personally provided reliable information about illegal drug activity to him on at least ten occasions in the past and that he had been told by other members of the Escambia County Sheriffs Department that this same confidential informant had also provided them with reliable information about illegal drug activity on at least ten occasions in the past. The trial court orally denied the motion to suppress finding that the affidavit had been legally sufficient to support a finding of probable cause and that, even assuming its legal insufficiency, the good faith exception to the exclusionary rule applied.
The affidavit in support of the search warrant was totally silent as to whether the affiant had personal knowledge of the confidential informant’s prior activities with law enforcement or where or from whom this information had been obtained. A search warrant affidavit based on information obtained from a confidential informant must set forth either facts indicating that the affiant has personal knowledge of the confidential informant’s reliability or facts from an independent source which corroborate the reliability of the confidential informant. See McNeely v. State, 690 So.2d 1337, 1339 (Fla. 1st DCA 1997); Smith v. State, 637 So.2d 351, 352-353 (Fla. 1st DCA 1994); St. Angelo v. State, 532 So.2d 1346, 1347 (Fla. 1st DCA 1988).
The bare statement that the confidential informant has given reliable information to unidentified law enforcement officers in the past demonstrates only that other parties believe the informant to be reliable. See St. Angelo, supra at 1347. In McNeely, supra, the search warrant affidavit had been more specific than in the instant ease and had indicated that the affiant had received the information concerning the informant’s reliability from the sheriff himself; the McNeely court rejected the proposition that this constituted sufficient verification of the infor *939 mant’s reliability. We must, therefore, reject the state’s arguments concerning the sufficiency of the affidavit.
We are further bound by McNeely in rejecting the state’s argument that the motion to suppress was properly denied based on the good-faith exception identified in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). This court in McNeely stated,
As we explained in Smith and St. Angelo, the good faith exception is inapplicable if the affidavit is based entirely on hearsay information obtained from an informant whose reliability is supported neither by the affiant’s personal knowledge nor by independent corroborating facts. Based on these precedents we must also conclude that the good faith exception does not apply here.
This broad holding makes McNeely indistinguishable from this case on the question of the applicability of the good-faith exception, and mandates reversal.
We note, however, that neither the McNeely opinion nor other opinions from this court or other courts have expressly addressed whether a trial court can or should consider the assertions made in a search warrant affidavit together with suppression hearing testimony when determining whether the good-faith exception to the exclusionary rule announced in Leon ought to apply.. In this case, the assertions made by Officer Nesmith in his affidavit that the confidential informant had “provided information to law enforcement on at least twenty occasions” in the past “that has proven to be accurate and true” and that the informant had in the past been responsible for “the arrest of four individuals and the seizure of $400.00 in illegal controlled substances,” when considered together with Officer Nesmith’s suppression hearing testimony regarding his personal knowledge of the reliability of the informant, make the good-faith exception, analysis in this case a closer call than in McNeely or other eases decided by this court.
While the United States Supreme Court in Leon stressed that an officer’s' good-faith belief in the validity of a search warrant must be measured according to the objective reasonableness of that belief and not according to the officer’s actual subjective good-faith belief in the warrant’s validity, see Leon, 468 U.S. at 919 n. 20, 104 S.Ct at 3419 n. 20 the Court also emphasized that this objective reasonableness inquiry must focus not only on the officer who eventually executes the warrant, but also on the officer who originally obtains the warrant or provides information material ■ to the magistrate’s probable cause, determination. See id. at 923 n. 24, 104 S.Ct. at 3420 n. 24. We note that this court has consistently followed that portion of Leon which states that “no reasonably well trained officer ... [can] manifest objective good faith in relying on a warrant based on an affidavit ‘so lacking in. indicia of probable cause as to render official belief in its existence entirely unreasonable.’ ” See id. at 923, 104 S.Ct. at 3421 (quoting Brown v. Illinois, 422 U.S. 590, 610-611, 95 S.Ct. 2254, 2265-2266, 45 L.Ed.2d 416 (1975)). These decisions, however, do not take into consideration that the Leon Court, when faced with almost identical facts as exist in this case concerning the deficiency of a search warrant affidavit (an affidavit which fails to establish the reliability of the informant), held that the executing officers’ reliance on the magistrate’s probable cause determination had been objectively reasonable and precluded application of the exclusionary rule. See id. at 926, 104 S.Ct at 3422. Thus, while we feel constrained: by this court’s prior holdings regarding the inapplicability of the good-faith exception in circumstances such as those existing in the present case, we nevertheless believe that when the affiant officer actually has personal knowledge of the facts alleged in the warrant, the trial court may be able to find objective reasonableness of that officer’s execution of a search warrant. We further note that while the second district has followed this court’s lead in finding the good-faith exception inapplicable in factually similar circumstances, see, e.g., Fellows v. State, 612 So.2d 686, 687 (Fla. 2d DCA 1993); Brown v. State, 561 So.2d 1248, 1250 (Fla. 2d DCA 1990), the fifth district has taken the view that it can be objectively reasonable for an officer to rely in good faith on a search warrant issued pursuant to such a defective *940 affidavit. See, e.g., State v. Harris, 629 So.2d 983, 984 (Fla. 5th DCA 1993). For all these reasons, we certify the following question as being one of great public importance:
WHETHER AN AFFIANT OFFICER’S ASSERTIONS IN A SEARCH WARRANT AFFIDAVIT TO THE EFFECT THAT A CONFIDENTIAL INFORMANT HAS PROVIDED ACCURATE AND TRUE INFORMATION TO LAW ENFORCEMENT ON AT LEAST TWENTY OCCASIONS IN THE PAST REGARDING ILLEGAL CRIMINAL ACTIVITIES LEADING TO SUCCESSFUL ARRESTS AND CRIMINAL PROPERTY SEIZURES, TOGETHER WITH SUPPRESSION HEARING TESTIMONY FROM THAT OFFICER TO THE EFFECT THAT HE HAD PERSONAL KNOWLEDGE OF THE RELIABILITY OF THE CONFIDENTIAL INFORMANT WHEN HE BOTH SWORE OUT THE SEARCH WARRANT AFFIDAVIT AND WHEN HE HELPED EXECUTE THE SEARCH WARRANT, CAN SUPPORT A FINDING THAT AN OFFICER IN THE AF-FIANT/EXECUTING OFFICER’S POSITION COULD HAVE RELIED IN GOOD FAITH ON THE RESULTING SEARCH WARRANT AND THAT SUCH RELIANCE WOULD HAVE BEEN OBJECTIVELY REASONABLE FOR PURPOSES OF ESTABLISHING THE GOOD FAITH EXCEPTION TO THE EXCLUSIONARY RULE ANNOUNCED IN UNITED STATES V. LEON, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
The conviction and sentence are reversed.
MINER, J., and SHIVERS, DOUGLASS B., Senior Judge, concur.